XAVIER BECERRA
Attorney General of California
ANGELA SIERRA
Senior Assistant Attorney General
MICHAEL NEWMAN
Supervising Deputy Attorney General
SARAH BELTON
LISA EHRLICH
LEE SHERMAN
Deputy Attorneys General
State Bar No. 272271
 300 S. Spring St., Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-2409
 Fax: (213) 897-7605
 E-mail: Lee.Sherman@doj.ca.gov
*Attorneys for Non-Party the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CITY AND COUNTY OF SAN FRANCISCO**<br><br>Plaintiff,<br><br>v.<br><br>**JEFFERSON B. SESSIONS III, Attorney General of the United States, ALAN R. HANSON, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,**<br><br>Defendants. | Case No. 17-cv-4642<br><br>**CALIFORNIA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO N.D. CAL. CIVIL L.R. 3-12(B)**<br><br>Trial Date: Not Set<br>Action Filed: August 11, 2017 |

Calif.'s Admin. Mot. to Consider Whether Cases Should Be Related Pursuant to N.D. Cal. Civil L.R. 3-12(B)
(Case No. 17-cv-4642)

## I. INTRODUCTION

Pursuant to Civil Local Rule 3-12(b), non-party the State of California ("California") respectfully requests that the Court relate the action *State of California v. Sessions et al.*, Case No. 17-cv-4701 (the "California Action") to *City and County of San Francisco v. Sessions et al.*, Case No. 17-cv-4642 (the "San Francisco Action").[1] "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12(a).

## II. DISCUSSION

The Actions concern substantially the same parties and events. San Francisco and California are both challenging the federal government's ongoing attempts to use access to federal funds as a method of forcing states and local law enforcement into adopting federal immigration enforcement priorities. On July 25, 2017, Attorney General Sessions and the U.S. Department of Justice ("USDOJ") announced a state grant solicitation for the Fiscal Year 2017 Justice Assistance Grant ("JAG") Solicitation. JAG is a formula grant created by Congress to fund state and local governments to support one of eight types of enumerated "criminal justice" programs. For the first time, USDOJ added conditions requiring jurisdictions to comply with two "special conditions" — the first requiring jurisdictions to provide federal immigration enforcement agents with the Department of Homeland Security ("DHS") access to detention

---

[1] The complaints in the California and San Francisco Actions are attached as Exhibits 1 and 2, respectively, to the Declaration of Lee Sherman filed herewith.

On August 15, 2017, the City and County of San Francisco moved for the Court to consider whether Case No. 17-cv-4642, is related to *City and County of San Francisco v. Trump et al.*, Case No. 17-cv-485 ("Original San Francisco Action"), a previous case filed by San Francisco challenging the constitutionality of Executive Order 13768. *See* City and County of San Francisco's Administrative Motion to Consider Whether Cases are Related, Case No. 17-cv-485, Dkt. No. 149. The State of California concurs with the arguments San Francisco makes in that motion, and incorporates them here by reference.

On February 10, 2017, Judge Orrick related the Original San Francisco Action, Case No. 17-cv-485, to *County of Santa Clara v. Trump et al.*, Case No. 17-cv-574 ("Santa Clara Action"), and on March 24, 2017, Judge Orrick related *City of Richmond v. Trump, et al.*, Case No. 17-cv-1535 ("Richmond Action") to the Original San Francisco and Santa Clara Actions.

facilities to interview inmates who are "aliens" or believed to be "aliens" ("the access condition"); and the second requiring jurisdictions to provide 48 hours' advance notice to DHS regarding the scheduled release date of an "alien" upon request by DHS ("the notification condition").

Both San Francisco and California are challenging the constitutionality of the access and notification conditions on substantially similar grounds. San Francisco argues the conditions violate the constitutional separation of powers by allowing the executive branch to inappropriately wield Congress's exclusive spending power, and the Spending Clause because the conditions: (1) are ambiguous, (2) are not germane to the stated purpose of the JAG Grants, and (3) would require JAG recipients to engage in unconstitutional activities, specifically, detaining individuals without probable cause in violation of the Fourth Amendment. California alleges the same causes of action, and makes substantially similar constitutional arguments that Defendants exceeded the statutory authority given to the executive branch in imposing the access and notification conditions. California additionally alleges that Defendants violated the federal Administrative Procedure Act, and seeks a declaration that the TRUST and TRUTH Acts comply with the access and notification conditions.

Both cases name as defendants United States Attorney General Jefferson B. Sessions, Acting Assistant Attorney General Alan R. Hanson, and USDOJ. Both San Francisco and California are asking the Court to declare the access and notification conditions unconstitutional and enjoin the Defendants from using the conditions as a funding restriction for JAG awards.

Given the overlap in parties, factual and legal issues involved, and the relief sought in these Actions, it is likely that conducting the actions in two courts simultaneously may lead to unnecessary duplication of effort and the potential for conflicting results.

### III. CONCLUSION

For the reasons set forth above, California respectfully requests that the Court relate the California Action to the San Francisco Action.

Dated: August 17, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANGELA SIERRA
Senior Assistant Attorney General
MICHAEL NEWMAN
Supervising Deputy Attorney General
SARAH BELTON
LISA EHRLICH
Deputy Attorneys General


/s/LEE SHERMAN
LEE SHERMAN
Deputy Attorney General
*Attorneys for State of California*

OK2017900935
Motion to Consider.doc

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail

Case Name: **CITY AND COUNTY OF SAN FRANCISCO v. SESSIONS**
No.: **17-cv-4642**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On August 17, 2017, I served the attached **[CALIFORNIA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO N.D. CAL. CIVIL L.R. 3-12(B)]** by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

W. Scott Simpson
U.S. Department of Justice
Room 7210
Post Office Box 883
Washington, VA 20044
ssimpson@civ.usdoj.gov

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 17, 2017, at Los Angeles, California.

| | |
|---|---|
| Sandra Tinson | Sandra Tinson |
| Declarant | Signature |

LA2017506536