UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS, et al.,<br><br>Defendants. | Case No. 17-cv-04642-WHO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 66 |

This case continues the clash between the City and County of San Francisco's ("the City") sanctuary city policies and the federal defendants' interpretation of its "broad, undoubted power over the subject of immigration and the status of aliens." *U.S. v Arizona*, 567 U. S. 387, 394 (2012). I enjoined the President's Executive Order 13,768 in *County of Santa Clara v. Donald J. Trump*, 275 F. Supp. 3d. 1196, 1212 (N.D. Cal. 2017), because it purported to give power to the Executive to deny eligibility for all federal grants, regardless of their relationship to immigration, to any jurisdiction violating the Executive's interpretation of its powers concerning immigration enforcement. This case concerns the City's eligibility for one federal grant program, the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") Program, which the City has historically received but appears virtually certain not to receive this year because of the defendants' differing interpretation of 8 U.S.C. § 1373 and how it applies to the condition that grantees comply with all applicable laws. The City states claims for declaratory relief that it complies with Section 1373 and that the defendants are violating the separation of powers and spending clause by their actions.

The defendants move to dismiss. For reasons similar to their rationale opposing the injunction in the Executive Order case and in the motion to dismiss the case filed by the State of California concerning its complaint regarding its sanctuary policies, *State of California v.*

*Sessions*, No. 17-4701, Motion to Dismiss (Dkt. 66), the defendants assert that the City lacks Article III standing and that the Amended Complaint fails to state a claim. And for reasons similar to the ones given in my Orders in those cases, I find that the City has Article III standing because it has a well-founded fear of enforcement, injury-in-fact, and ripe claims. *See State of California*, Order Denying Motion to Dismiss, at 1 (N.D.Cal. March 5, 2018); *Cnty. of Santa Clara*, 275 F. Supp. 3d. at 1208-11.

The City has been a primary target of the Trump Administration's ire over sanctuary city policies. On September 5, 2017, the City submitted an application for a FY 2017 Byrne JAG grant. First Amended Complaint ¶127 (Dkt. No. 61). The Office of Justice Programs ("OJP") responded with a letter to the City expressing concerns over its "sanctuary city" ordinances and compliance with Section 1373. *Id.*, Ex. A (Dkt. No. 61-1). The City answered that it believed that its ordinances complied with Section 1373; its interpretation of Section 1373 apparently cannot be reconciled with the defendants' interpretation. *Id.*, Ex. C (Dkt. No. 61-3). There is no doubt that the Executive will not provide the Byrne JAG grant to San Francisco because of those policies.[1]

At this stage, the City has stated legally sufficient claims for relief. With respect to the Notice and Access conditions, the reasoning in the orders in *City of Chicago v. Sessions* and *City of Philadelphia v. Sessions* makes plain that the City has at least stated plausible claims concerning them. *See City of Philadelphia v. Sessions*, No. 17–3894, ––– F.Supp.3d ––––, 2017 WL 5489476, at *48-49 (E.D. Pa. Nov. 15, 2017) (finding that the Notice and Access conditions are not statutorily authorized and the imposition of the conditions implicate constitutional concerns); *City of Chicago v. Sessions*, 264 F.Supp.3d 933, 943 (N.D. Ill. 2017) (holding that the Notice and Access conditions exceed statutory authority of Executive Branch and imposition of the conditions violated the separation of powers doctrine). This is not to say that the City is likely to prevail; I cannot make that determination without a complete record on the novel and weighty constitutional issues this case presents. But for purposes of pleading, the claims may proceed and

---

[1] The comments of the leaders of the Executive Branch underscore that a case and controversy exists with respect to these claims. *See State of California*, Order Denying Amended Motion for Preliminary Injunction, at 14-15 (N.D. Cal. March 5, 2018) (detailing comments from the Acting Director of ICE, the Attorney General and the President).

defendants' motion is DENIED.

The parties are directed to meet and confer and agree to the extent possible on a schedule for discovery and cross-motions for summary judgment. A Joint Case Management Statement shall be filed on March 20, 2018 setting forth either an agreed schedule or competing ones. A Case Management Conference will be held on March 27, 2018 at 2 p.m. in the event the parties have been unable to agree or that one of the parties wishes to be heard on any other issue in the litigation.

**IT IS SO ORDERED.**

Dated: March 5, 2018

William H. Orrick
United States District Judge