CHAD A. READLER
Acting Assistant Attorney General
ALEX G. TSE
Acting United States Attorney
JOHN R. TYLER
Assistant Director
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
Department of Justice, Room 7210
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone:     (202) 514-3495
Facsimile:      (202) 616-8470
E-mail:          scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS
JEFFERSON B. SESSIONS III, Attorney
General of the United States; ALAN R.
HANSON, Principal Deputy Assistant Attorney
General; and U.S. DEPARTMENT OF JUSTICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, *et al.*,<br><br>　　　　　　　Defendants. | No. 3:17-cv-04642-WHO<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

　　　The defendants, by their undersigned counsel, hereby answer plaintiff's First Amended

Complaint as follows:

Answer to First Am. Complaint
No. 3:17-cv-04642-WHO

**FIRST DEFENSE**

Plaintiff lacks standing as to Counts One, Two, and Three of the First Amended Complaint.

**SECOND DEFENSE**

Counts One, Two, and Three of the First Amended Complaint are constitutionally unripe.

**THIRD DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Defendants answer the paragraphs of plaintiff's First Amended Complaint as follows, in correspondingly numbered paragraphs:

**INTRODUCTION**[1]

1.  The first sentence of this paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.  The second sentence purports to characterize certain grant conditions in the Edward Byrne Memorial Justice Assistance Grant Program ("Byrne JAG Program") for Fiscal Year 2017, to which the Court is respectfully referred for a full and accurate statement of their contents.  The remainder of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

2-6.  These paragraphs are in the nature of rhetorical commentary and legal argument rather than factual allegations, including assertions that San Francisco has a "vibrant" immigrant community, that the City is "stronger" when its officials do not enforce immigration laws, that the City has made a "considered" judgment not to provide certain information to federal authorities, that the President has engaged in "coercive tactics," and that the Attorney General has tried to create a "stigma" and has "targeted" San Francisco and other jurisdictions.  As such, these

---

[1] Defendants include the headings listed in the First Amended Complaint solely to assist in the reading of the pleadings, and do not admit the accuracy of such headings or any characterizations contained therein.

1    paragraphs require no response by the defendants.  To the extent a response is deemed required,

2    these paragraphs are denied.

3        7-8.  These paragraphs purport to summarize and characterize the Edward Byrne

4    Memorial Justice Assistance Grant Program FY 2017 State Solicitation, which is part of the

5    Administrative Record in this matter, and to which the Court is respectfully referred for a full and

6    accurate statement of its contents.  To the extent the allegations of this paragraph are inconsistent

7    with the Administrative Record, defendants deny them.  Defendants also specifically deny any

8    implication that the language contained in the State Solicitation constituted the actual grant

9    conditions with which grantees would be expected to comply.

10       9-10.  These paragraphs set forth plaintiff's conclusions of law, to which no response by

11   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

12   law are denied.

13       11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

14   this paragraph.

15       12-16.  These paragraphs set forth plaintiff's conclusions of law, to which no response by

16   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

17   law are denied.

18       17-19.  These paragraphs are in the nature of rhetorical commentary and legal argument

19   rather than factual allegations, including assertions that San Francisco faces the "immediate"

20   prospect of losing funds, that one of its programs is "pioneering," and that the City faces a "stark"

21   and "unacceptable" choice.  As such, these paragraphs require no response by the defendants.  To

22   the extent a response is deemed required, these paragraphs are denied.

23       20.  This paragraph sets forth plaintiff's characterization of this action, to which no

24   response by the defendants is required.

25                           **JURISDICTION AND VENUE**

26       21-22.  These paragraphs set forth plaintiff's conclusions of law, to which no response by

27   the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

28

1   law are denied.  The defendant specifically denies that the Court has jurisdiction over Count One

2   of plaintiff's First Amended Complaint.

3   **INTRADISTRICT ASSIGNMENT**

4   23.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the

5   defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

6   law are denied.

7   **PARTIES**

8   24.  Defendants admit this paragraph.

9   25.  Defendants admit the first sentence of this paragraph.  The second sentence sets forth

10  plaintiff's characterization of this action, to which no response by the defendants is required.

11  Defendants deny the third sentence of this paragraph, except to admit that the Attorney General is

12  the head of the U.S. Department of Justice.

13  26.  Defendants deny the first sentence of this paragraph, except to admit that defendant

14  Alan R. Hanson is the Principal Deputy Assistant Attorney General of the Office of Justice

15  Programs, which administers Byrne JAG funding.  The second sentence sets forth plaintiff's

16  characterization of this action, to which no response by the defendants is required.

17  27.  Defendants admit this paragraph.

18  28.  This paragraph sets forth plaintiff's characterization of this action, to which no

19  response by the defendants is required.  Counsel for defendants does not represent any individuals

20  referred to in this paragraph.

21  **FACTUAL ALLEGATIONS**

22  **I.      San Francisco's Sanctuary City Laws And Policies**

23  29.  Defendants lack knowledge or information sufficient to form a belief as to the truth

24  of this paragraph, including plaintiff's use of the undefined term "Sanctuary City" both here and

25  throughout the First Amended Complaint.

26  30.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the

27  defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of

28  law are denied.

31.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph.  The second and third sentences purport to summarize and characterize certain provisions of San Francisco's ordinances, to which the Court is respectfully referred for a full and accurate statement of their contents.  The fourth sentence of this paragraph purports to summarize and characterize a third-party publication, to which the Court is respectfully referred for a full and accurate statement of its contents.

32-34.  These paragraphs purport to summarize and characterize certain provisions of San Francisco's current and former ordinances, to which the Court is respectfully referred for a full and accurate statement of their contents.

35.  The first sentence of this paragraph purports to summarize and characterize certain provisions of San Francisco ordinances, to which the Court is respectfully referred for a full and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence of this paragraph, except to admit that a civil immigration detainer is not a criminal warrant.  The remainder of this paragraph is denied, except to admit that (1) a civil immigration detainer, when issued by an immigration officer of U.S. Immigration and Customs Enforcement ("ICE"), is based on a prior finding of probable cause to believe that the subject is an alien who is removable from the United States; (2) an ICE civil immigration detainer must be accompanied by either a properly completed Form I-200 (Warrant for Arrest of Alien) signed by an authorized supervisory ICE immigration officer or a properly completed Form I-205 (Warrant of Removal/Deportation) signed by an authorized supervisory ICE immigration officer; and (3) a civil immigration detainer issued in accordance with these requirements includes a request to a federal, state, local, or tribal law enforcement agency ("LEA") to advise DHS prior to release of the alien, and to maintain custody of the alien for a period not to exceed forty-eight hours beyond the time when he/she would otherwise have been released from the LEA's custody, to allow DHS to assume custody.  *See* U.S. Immigration and Customs Enforcement, Policy Number 10074.2, *Issuance of Immigration Detainers by ICE Immigration Officers* (Mar. 24, 2017), *available at* https://www.ice.gov/ detainer-policy (Attachment 1 hereto); Department of Homeland Security, Immigration Detainer - Notice of

1    Action, DHS Form I-247A (3/17), *available at* https://www.ice.gov/ detainer-policy (Attachment

2    2 hereto); ICE Guidance for Completing Form I-247A, *available at* https://www.ice.gov/

3    detainer-policy (Attachment 3 hereto); U.S. Department of Homeland Security, Warrant for

4    Arrest of Alien, Form I-200 (Rev. 09/16), *available at* https://www.ice.gov/ detainer-policy

5    (Attachment 4 hereto); Department of Homeland Security, U.S. Immigration and Customs

6    Enforcement, Warrant of Removal/Deportation, ICE Form I-205 (8/07), *available at*

7    https://www.ice.gov/ detainer-policy (Attachment 5 hereto).

8         36-38.  These paragraphs purport to summarize and characterize certain provisions of San

9    Francisco's current and former ordinances, to which the Court is respectfully referred for a full

10    and accurate statement of their contents.

11         39-41.  Defendants lack knowledge or information sufficient to form a belief as to the

12    truth of these paragraphs.

13    **II.**     **The Trump Administration Has Allegedly Engaged In A Campaign To Eradicate**

14          **Sanctuary City Policies.**

15         42.  This paragraph is in the nature of rhetorical commentary and legal argument rather

16    than factual allegations, including assertions that "numerous" and "widespread" jurisdictions have

17    enacted certain policies.  As such, this paragraph requires no response by the defendants.  To the

18    extent a response is deemed required, these paragraphs are denied.

19         43-45.  These paragraphs purport to summarize and characterize certain statements by the

20    President, the Attorney General, and the former White House Press Secretary, to which the Court

21    is respectfully referred for a full and accurate statement of their contents.

22         46-49.  These paragraphs purport to summarize and characterize certain portions of

23    Executive Order 13,768, to which the Court is respectfully referred for a full and accurate

24    statement of its contents.

25         50.  This paragraph purports to summarize and characterize certain statements by the

26    former White House Press Secretary, to which the Court is respectfully referred for a full and

27    accurate statement of their contents.

28

51.  This paragraph purports to summarize and characterize a decision by this Court, to which the Court is respectfully referred for a full and accurate statement of its contents.

## II.     The Administration Is Allegedly Attempting To Use The Byrne JAG Program To Coerce Cities Like San Francisco To Abandon Their Sanctuary City Policies.

### A.     The Byrne JAG Program Is A Longstanding Federal Formula Grant Program.

52.  This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, including assertions that this Court "stymied" Executive Order 13,768, that the grant conditions challenged here are a "more targeted approach," and that these conditions constitute a new "device."  As such, this paragraph requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

53-56.  These paragraphs purport to summarize and characterize certain federal statutes and appropriations acts, to which the Court is respectfully referred for a full and accurate statement of their contents.

57.  Defendants admit that the Byrne JAG Program is a formula grant program, that the Bureau of Justice Assistance ("BJA") is a component of the Office of Justice Programs ("OJP"), and that BJA awards Byrne JAG funds to eligible grantees in amounts based on Bureau of Justice Statistics calculations derived from the Byrne JAG statutory formula.  The remainder of this paragraph purports to summarize and characterize certain federal statutes and a judicial decision, to which the Court is respectfully referred for a full and accurate statement of their contents.

58.  This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

59.  This paragraph purports to summarize and characterize a portion of the Justice Assistance Grant Program Technical Report of 2016, to which the Court is respectfully referred for a full and accurate statement of their contents.  U.S. Dep't of Justice, Office of Justice Programs, Bureau of Justice Statistics, Technical Report, Justice Assistance Grant Program, 2016 at 2 (Sept. 2016), https://www.bja.gov/jag/pdfs/JAG-Technical-Report.pdf.  Defendants admit

1    that this paragraph of the First Amended Complaint accurately describes part of the process of

2    allocating Byrne JAG funds to eligible jurisdictions.

3        60.  This paragraph purports to summarize and characterize certain federal statutes, to

4    which the Court is respectfully referred for a full and accurate statement of their contents.

5        61.  Defendants admit the first, second, third, and fourth sentences of this paragraph,

6    insofar as OJP ultimately determines that California and local jurisdictions within California meet

7    the eligibility requirements for a Byrne JAG grant.  In relation to the second sentence, defendants

8    clarify that 40% of the overall allocation for each State is allocated for direct grants from OJP to

9    eligible local jurisdictions within the State.  Defendants lack knowledge or information sufficient

10    to form a belief as to the truth of the fifth sentence.

11        62.  This paragraph purports to summarize and characterize certain federal statutes, to

12    which the Court is respectfully referred for a full and accurate statement of their contents.

13    Defendants aver, however, that applicants are "entitled" to funds only after satisfying the

14    requirements for eligibility.

15        63.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the

16    defendants is required.  To the extent any response is deemed required, plaintiff's conclusions of

17    law are denied.

18        64-65.  These paragraphs purport to summarize and characterize certain current or former

19    federal statutes, to which the Court is respectfully referred for a full and accurate statement of

20    their contents.

21       **B.**      **San Francisco Allegedly Uses Byrne JAG Funds To Support Vital**

22               **City Services.**

23        66.  Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or

24    information sufficient to form a belief as to the truth of the remainder of this paragraph.

25        67-70.  Defendants lack knowledge or information sufficient to form a belief as to the

26    truth of these paragraphs.

27

28

Answer to First Am. Complaint        8
No. 3:17-cv-04642-WHO

C.   **Plaintiff Alleges That The Department Of Justice Unlawfully Requires San Francisco To Certify Compliance With Section 1373 As A Condition Of Receiving Byrne JAG Funding.**

71.   This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.  Defendants specifically deny the allegation that "few restrictions" were imposed on grantees in the Byrne JAG Program during prior years, and aver that fifty-one express conditions were included, for example, in San Francisco's FY 2016 Byrne JAG award.

72.   The first and third sentences of this paragraph purport to summarize and characterize certain guidance that OJP provided to Byrne JAG grantees on July 7, 2016, which is part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of its contents.  To the extent the allegations of these sentences are inconsistent with the Administrative Record, defendants deny them. The second sentence purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

73.   This paragraph purports to summarize and characterize certain federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.

74-77.   These paragraphs purport to summarize and characterize certain guidance documents that OJP provided to Byrne JAG grantees on July 7 and October 6, 2016, which are part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.

78-81.   These paragraphs purport to summarize and characterize certain portions of the Byrne JAG Program FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.

82-83.   Defendants admit these paragraphs.

84-86.   These paragraphs purport to summarize and characterize certain portions of a letter from OJP to San Francisco, which is Exhibit A to plaintiff's First Amended Complaint, and to which the Court is respectfully referred for a full and accurate statement of its contents.

87.  This paragraph purports to summarize and characterize certain portions of a letter from San Francisco to OJP, which is Exhibit C to plaintiff's First Amended Complaint, and to which the Court is respectfully referred for a full and accurate statement of its contents.

88.  This paragraph purports to summarize and characterize a press release by the Office of Public Affairs of the U.S. Department of Justice, to which the Court is respectfully referred for a full and accurate statement of its contents.  Press Release, U.S. Dep't of Justice, *Justice Department Sends Letters to 29 Jurisdictions Regarding Their Compliance with 8 U.S.C. 1373* (Nov. 15, 2017), https://www.justice.gov/opa/pr/justice-department-sends-letters-29-jurisdictionsregarding-their-compliance-8-usc-1373.

89.  The first sentence of this paragraph purports to summarize and characterize certain letters from OJP, which are part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this sentence are inconsistent with the Administrative Record, defendants deny them.  The second sentence of this paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, including the assertion that the Department of Justice "has engaged in a protracted back-and-forth" with several jurisdictions.  As such, the second sentence requires no response by the defendants; to the extent a response is deemed required, this sentence is denied.  The third sentence of this paragraph purports to summarize and characterize a press release by the Office of Public Affairs of the U.S. Department of Justice, to which the Court is respectfully referred for a full and accurate statement of its contents.  Press Release, U.S. Dep't of Justice, *Attorney General Jeff Sessions Delivers Remarks Before Media Availability in San Diego, California* (Apr. 21, 2017), https://www.justice.gov/opa/speech/attorney-general-jeff-sessions-delivers-remarksmedia-availability-san-diego-california.

90.  This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, including assertions that certain letters "stand in stark contrast" to earlier (unspecified) communications and that the Department of Justice has "offered no explanation" for a policy decision.  As such, this paragraph requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

91.  This paragraph sets forth plaintiff's summary and characterization of a federal statute, to which the Court is respectfully referred for a full and accurate statement of its contents, and plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

92-93.  These paragraphs purport to summarize and characterize certain congressional measures, to which the Court is respectfully referred for a full and accurate statement of their contents.

### D.     The Department Of Justice Also Announced Two Additional Allegedly Unlawful Requirements For The FY 2017 Byrne JAG Program.

94-95.  These paragraphs purport to summarize and characterize a press release by the Office of Public Affairs of the U.S. Department of Justice, which is part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of its contents.  Press Release, *Attorney General Sessions Announces Immigration Compliance Requirements for Edward Byrne Memorial Justice Assistance Grant Programs* (July 25, 2017), https://www.justice.gov/opa/pr/attorney-general-sessions-announces-immigration-compliance-requirements-edward-byrne-memorial.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.

96-99.  These paragraphs purport to summarize and characterize the Byrne JAG Program state and local solicitations for Fiscal Year 2017, the first of which is part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.  Defendants also specifically deny any implication that the language contained in the FY 2017 solicitations constituted the actual grant conditions with which grantees would be expected to comply.

100.  The first and second sentences of this paragraph purport to summarize and characterize the Edward Byrne Memorial Justice Assistance Grant Program FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.  Defendants specifically deny any implication that the language contained in the Local

Solicitation constituted the actual grant conditions with which grantees would be expected to comply.  Defendants admit the third sentence of this paragraph.

101.  This paragraph purports to summarize and characterize the Edward Byrne Memorial Justice Assistance Grant Program FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.  Defendants specifically deny any implication that the language contained in the Local Solicitation constituted the actual grant conditions with which grantees would be expected to comply.

102.  Defendants admit this paragraph to the extent it refers to Fiscal Year 2017.

103.  Defendants admit the first sentence of this paragraph.  Defendants deny the second sentence, except to admit that the Byrne JAG award documents issued to the County of Greenville, South Carolina, and the City of Binghamton, New York, for FY 2017 contain the actual "access" and "notice" conditions with which the grantees are expected to comply.

104.  Defendants deny this paragraph, except to admit that, in absence of any applicable court injunction, language identical to the "access" and "notice" conditions in the Greenville and Binghamton award documents will appear in all award documents issued under the FY 2017 Byrne JAG - Local Solicitation.

105.  This paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, to which the Court is respectfully referred for a full and accurate statement of their contents.

106.  This paragraph sets forth plaintiff's summary and characterization of a federal statute, to which the Court is respectfully referred for a full and accurate statement of its contents, and plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

107.  This paragraph sets forth plaintiff's summary and characterization of certain congressional measures, to which the Court is respectfully referred for a full and accurate statement of their contents, and plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

108.  The first sentence of this paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.  The second sentence purports to summarize and characterize the Edward Byrne Memorial Justice Assistance Grant Program FY 2017 Local Solicitation, to which the Court is respectfully referred for a full and accurate statement of its contents.  Defendants specifically deny any implication that the language contained in the Local Solicitation constituted the actual grant conditions with which grantees would be expected to comply.

109.  This paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.

110-112.  These paragraphs purport to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.  These paragraphs also set forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

113.  This paragraph purports to quote and characterize a brief filed by the Department of Justice in another case, to which the Court is respectfully referred for a full and accurate statement of its contents.

114.  This paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.  This paragraph also sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

115.  This paragraph purports to summarize and characterize certain provisions of California law and the FY 2017 Byrne JAG award documents issued to the County of Greenville,

South Carolina, and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.  This paragraph also sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

116.  This paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.  This paragraph also sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

**IV.    San Francisco Allegedly Faces Immediate Injury From DOJ's Newly Announced Requirements.**

    **A.    DOJ Has Allegedly Threatened To Claw Back San Francisco's FY 2016 Byrne JAG Funding.**

117.  Defendants admit this paragraph.

118.  Defendants deny the first sentence of this paragraph, and aver that OJP informed all potential applicants for a FY 2016 Byrne JAG grant that applicants would be required to certify compliance with all applicable federal laws, and that 8 U.S.C. § 1373 was such a law. Defendants deny the second sentence of this paragraph, except to admit that OJP included the requirement to comply with Section 1373 as an express condition in certain grantees' Byrne JAG award documents for FY 2016.

119-120.  These paragraphs purport to summarize and characterize certain guidance documents that OJP provided to Byrne JAG grantees on July 7 and October 6, 2016, which are part of the Administrative Record in this matter, and to which the Court is respectfully referred for a full and accurate statement of their contents.  To the extent the allegations of this paragraph are inconsistent with the Administrative Record, defendants deny them.

121-122.  These paragraphs are in the nature of rhetorical commentary and legal argument rather than factual allegations, including assertions that defendants have taken certain action

"despite" other circumstances and that defendants' conduct constitutes an "about-face."  As such, these paragraphs require no response by the defendants.  To the extent a response is deemed required, these paragraphs are denied.

123.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph.  The second sentence sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

**B.     The Section 1373 Certification And Additional FY 2017 Requirements Allegedly Put San Francisco To An Unconstitutional Choice.**

**1.     In Order to Receive a FY 2017 Byrne JAG Grant, San Francisco Will Be Required To Execute The Section 1373 Certification And Agree To The Notice And Access Conditions.**

124.  Defendants deny this paragraph, except to admit that San Francisco has received Byrne JAG funds a number of times in prior years and has applied for a FY 2017 Byrne JAG grant.  Defendants aver that the Byrne JAG Program has existed since 2006 and that the Byrne JAG Program was created by merging the Edward Byrne Memorial Grant Program, which began in 1991, and the Local Law Enforcement Block Grant Program, which began in 1996.

125.  Defendants deny the first sentence of this paragraph, except to admit that under the Byrne JAG statutory formula, San Francisco is allotted a direct grant of $524,845, if it meets the eligibility requirements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence; the amount of San Francisco's expected FY 2017 pass-through grant from the State of California cannot be confirmed until OJP makes a FY 2017 grant to California and the State reports its pass-through grants.

126.  Defendants admit this paragraph.

127.  Defendants admit the first sentence of this paragraph.  The remainder of this paragraph purports to summarize and characterize plaintiff's FY 2017 Byrne JAG application, to which the Court is respectfully referred for a full and accurate statement of its contents.

128.  Defendants admit this paragraph.

129.  Defendant deny this paragraph, except to admit that OJP has posted state allocations showing that California will be entitled to $17.7 million in Byrne JAG funds for FY 2017 if OJP determines that the State meets the eligibility requirements.

130.  Defendants admit this paragraph.

131.  The first sentence of this paragraph summarizes and characterizes a provision of federal law, to which the Court is respectfully referred for a full and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph.

132.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the first, second, third, and fourth sentences of this paragraph.  Defendants admit the fifth sentence.

133-135.  Defendants admit these paragraphs.

**2.  The Notice, Access, And Section 1373 Conditions Allegedly Create An Unconstitutional Choice For San Francisco.**

136.  This paragraph is in the nature of rhetorical commentary and legal argument rather than factual allegations, including the assertion that the challenged grant conditions will create an "untenable" choice for the plaintiff.  As such, this paragraph requires no response by the defendants.  To the extent a response is deemed required, this paragraph is denied.

137-138.  These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

139.  Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

140.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph.  Defendants specifically deny any implication that the notice condition in the Byrne JAG Program necessarily requires providing federal officials with 48 hours' advance notice before an alien inmate's release. This paragraph also sets forth plain-

tiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

141.  Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence, except to admit that defendants understand that the San Francisco Sheriff's Department has a policy against providing access to inmates in jail for ICE representatives conducting civil immigration enforcement.

142.  This paragraph sets forth plaintiff' conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.  Moreover, defendants specifically aver that the notice condition is subject to an express rule of construction providing that "[n]othing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity or individual to maintain (or detain) any individual in custody beyond the date and time the individual would have been released in the absence of this condition."  Defendants also specifically deny any implication that the language contained in the FY 2017 Byrne JAG solicitations constituted the actual grant conditions with which grantees would be expected to comply.

143.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

144-145.  These paragraphs are in the nature of rhetorical commentary and legal argument rather than factual allegations, including assertions that defendants' actions put San Francisco in an "untenable" situation, that the City must make an "untenable" choice under the "cloud" of defendants' incorrect assertions, that the City will be "forced" to forgo millions of dollars of "vital" law enforcement funding, and that the outcome is "ironic."  As such, these paragraphs require no response by the defendants.  To the extent a response is deemed required, these paragraphs are denied.

146-147.  These paragraphs set forth plaintiff's conclusions of law, which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

148-154.  These paragraphs purport to summarize and characterize certain statements by the White House Press Office, the Attorney General, the Inspector General of the Department of Justice, the Principal Deputy Assistant Attorney General for the Office of Justice Programs, the Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, and litigation counsel for the Federal Government, some of which statements are part of the Administrative Record in this matter, and to which the Court is respect-fully referred for a full and accurate statement of their contents.  To the extent the allegations of these paragraphs are inconsistent with the Administrative Record, defendants deny them.  These paragraphs also set forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

155-156.  These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

## V.    San Francisco Allegedly Needs Declaratory Relief That It Properly Can Certify Compliance with Section 1373 As Required To Receive Byrne JAG Funds.

157-163.  These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, these paragraphs are denied.

164.  Defendants admit the first sentence of this paragraph, except to deny any implication that federal immigration detainer requests are not "warrants" and to aver that such requests constitute administrative warrants.  The second sentence sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, this sentence is denied.

165.  Defendants deny the second sentence of this paragraph, except to admit that San Francisco does not generally provide a detainee's home address, residence, date of birth, or

similar information to federal immigration officials.  The first and third sentences of this paragraph set forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, these sentences are denied.

**COUNT ONE:**

**DECLARATORY RELIEF – SAN FRANCISCO ALLEGEDLY COMPLIES WITH THE REQUIREMENTS OF THE SECTION 1373 CERTIFICATION**

166.  Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

167.  The first sentence of this paragraph sets forth plaintiff's characterization of this action, to which no response by the defendants is required.  The second sentence sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

168-171.  These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

172.  Defendants deny this paragraph, except to admit that Chapters 12H and 12I of the Administrative Code are the only San Francisco ordinances that defendants have identified as potentially violating Section 1373.  Defendants specifically deny any implication that San Francisco has no "policies" or "practices" that violate Section 1373.

173.  This paragraph sets forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.  This paragraph also purports to summarize and characterize a federal statute and a judicial decision, to which the Court is respectfully referred for a full and accurate statement of their contents.

174-176.  These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendants is required.  To the extent a response is deemed required, plaintiff's conclusions of law are denied.

**COUNT TWO:**

**SEPARATION OF POWERS**

**(Notice, Access, and Section 1373 Requirements)**

177.  Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

178-179.  Defendants admit these paragraphs.

180.  This paragraph purports to summarize and characterize the Byrne JAG FY 2017 grant solicitations, to which the Court is respectfully referred for a full and accurate statement of their contents.  Defendants specifically deny any implication that the language contained in the solicitations constituted the actual grant conditions with which grantees would be expected to comply.

181.  This paragraph purports to summarize and characterize the FY 2017 Byrne JAG award documents issued to the County of Greenville, South Carolina, and the City of Binghamton, New York, to which the Court is respectfully referred for a full and accurate statement of their contents.

182.  Defendants admit this paragraph.

183-188.  These paragraphs purport to summarize and characterize certain provisions of the U.S. Constitution and federal statutes, to which the Court is respectfully referred for a full and accurate statement of their contents.  These paragraphs also set forth plaintiff's conclusions of law, to which no response by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions of law are denied.

**COUNT THREE:**

**SPENDING CLAUSE**

**(Notice, Access, and Section 1373 Requirements)**

189.  Defendants repeat and incorporate by reference each response and averment of the prior paragraphs as if fully set forth herein.

1    190-192.  These paragraphs set forth plaintiff's conclusions of law, to which no response

2    by the defendants is required; to the extent a response is deemed required, plaintiff's conclusions

3    of law are denied.

4                              **PLAINTIFF'S PRAYER FOR RELIEF**

5            The remainder of the First Amended Complaint sets forth plaintiff's prayer for relief, to

6    which no response by the defendants is required.  To the extent any response is deemed required,

7    these allegations are denied.

8                                        *   *   *

9            Each and every allegation of the First Amended Complaint not heretofore expressly

10   admitted or denied is hereby denied.

11           WHEREFORE, having fully answered, defendants pray that:

12           1.  This Court enter judgment for defendants and dismiss this action with prejudice;

13           2.  Plaintiff be assessed the costs of this litigation; and

14           3.  Defendants be granted such further relief as this Court may deem just and proper.

15   Dated:  April 4, 2018

16
                                         Respectfully submitted,
17

18                                       CHAD A. READLER
                                         Acting Assistant Attorney General
19
                                         ALEX G. TSE
20                                       Acting United States Attorney

21                                       JOHN R. TYLER
                                         Assistant Director
22

23                                       /s/ W. Scott Simpson
                                         _____
24                                       W. SCOTT SIMPSON (Va. Bar #27487)
                                         Senior Trial Counsel
25

26

27

28
     Answer to First Am. Complaint              21
     No. 3:17-cv-04642-WHO

Attorneys, Department of Justice
Civil Division, Room 7210
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone:   (202) 514-3495
Facsimile:   (202) 616-8470
E-mail:       scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

JEFFERSON B. SESSIONS III, Attorney
General of the United States; ALAN R.
HANSON, Principal Deputy Assistant Attorney
General; and U.S. DEPARTMENT OF
JUSTICE