CHAD A.  READLER
Acting Assistant Attorney General
ALEX G. TSE
United States Attorney
JOHN R.  TYLER
Assistant Director
W.  SCOTT SIMPSON (Va.  Bar #27487)
Senior Trial Counsel
LAURA A. HUNT
DANIEL D. MAULER
Trial Attorneys
Department of Justice, Room 7210
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C.  20530
Telephone:      (202) 514-3495
Facsimile:      (202) 616-8470
E-mail:        scott.simpson@usdoj.gov
COUNSEL FOR DEFENDANTS
*(See signature page for parties represented.)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, et al.,<br><br>Defendants. | **STIPULATION AND PROPOSED PROTECTIVE AND 502(D) ORDER**<br><br>No. 3:17-cv-04642-WHO |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA, ex rel.  XAVIER
BECERRA, Attorney General of the State of
California,

                              Plaintiff,

              v.

JEFFERSON B.  SESSIONS III, Attorney
General of the United States, et al.,

                              Defendants.

No. 3:17-cv-04701-WHO

All parties in the above-captioned actions hereby stipulate as follows, and respectfully

request that the Court so order:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following

Stipulation and Protective Order.  The parties acknowledge that this Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it affords

from public disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles.  The parties further acknowledge, as

set forth in Section 12.3, below, that this Stipulation and Protective Order does not entitle them to

file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must

be followed and the standards that will be applied when a party seeks permission from the court

to file material under seal.

**2.      DEFINITIONS**

**2.1      Challenging Party**:  A Party or Non-Party that challenges the designation of

information or items under this Order.

**2.2      "CONFIDENTIAL" Information or Items**:  Information that, at the time of its

2

production in discovery in the action, or thereafter, is designated confidential by the Designating Party because of a good faith belief that the information falls into one of the following categories: (a) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.; (b) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, or any other federal, state, or local statutes that may prevent disclosure of specific personal information or otherwise subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; (c) law enforcement sensitive information to the extent that it permits the identification of particular individuals to whom the information relates or relates to sensitive law enforcement techniques or processes; or (d) all other protected documents, information or tangible things not identified above that the Parties agree in writing or which the Court orders as qualifying for protection under Federal Rule of Civil Procedure 26(c).

"Confidential Information" shall not include any information that is either (a) properly in the public domain or (b) does not permit the identification of particular individuals to whom the information relates.

**2.3     Counsel (without qualifier):**  Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.4     Designating Party**:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as  "CONFIDENTIAL."

**2.5     Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6     Expert**:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

2.7     **In-House Counsel**: Attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     **Outside Counsel of Record**: Attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    **Party**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure

4

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

1    If it comes to a Designating Party's attention that information or items that it designated

2 for protection do not qualify for protection, that Designating Party must promptly notify all other

3 Parties that it is withdrawing the mistaken designation.

4    **5.2    Manner and Timing of Designations**.  Except as otherwise provided in this

5 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

6 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

7 designated before the material is disclosed or produced.

8    Designation in conformity with this Order requires:

9    (a)  for information in documentary form (e.g., paper or electronic documents, but

10 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

11 Party affix the legend  "CONFIDENTIAL" to each page that contains protected material.  If only

12 a portion or portions of the material on a page qualifies for protection, the Producing Party also

13 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

14 margins).

15    A Party or Non-Party that makes original documents or materials available for inspection

16 need not designate them for protection until after the inspecting Party has indicated which

17 material it would like copied and produced.  During the inspection and before the designation, all

18 of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the

19 inspecting Party has identified the documents it wants copied and produced, the Producing Party

20 must determine which documents, or portions thereof, qualify for protection under this Order.

21 Then, before producing the specified documents, the Producing Party must affix the

22 "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or

23 portions of the material on a page qualifies for protection, the Producing Party also must clearly

24 identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For

25 electronic information that is provided in native form or a format that is not amenable to visible

26 endorsement on the image, the file name(s) shall begin with CONFIDENTIAL.[1]

27    _____

[1] The original metadata of the native files should be retained pursuant to the parties'
28 agreement.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend  "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3**     **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**     **Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**     **Meet and Confer**.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulation and Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service

7

of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   **6.3**  **Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

1  material in question the level of protection to which it is entitled under the Producing Party's

2  designation until the court rules on the challenge.

3  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

4      **7.1      Basic Principles**.  A Receiving Party may use Protected Material that is disclosed

5  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

7  to the categories of persons and under the conditions described in this Order.  When the litigation

8  has been terminated, a Receiving Party must comply with the provisions of section 13 below

9  (FINAL DISPOSITION).

10      Protected Material must be stored and maintained by a Receiving Party at a location and

11  in a secure manner that ensures that access is limited to the persons authorized under this Order.

12      **7.2      Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise

13  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

14  disclose any information or item designated "CONFIDENTIAL" only to:

15      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

16  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

17  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

18  is attached hereto as Exhibit A;

19      (b)  the officers, directors, and employees (including In-House Counsel) of the Receiving

20  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

21  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22      (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

23  reasonably necessary for this litigation and who have signed the "Acknowledgment and

24  Agreement to Be Bound" (Exhibit A);

25      (d)  the Court and its personnel;

26

27

28

9

Case 3:17-cv-04642-WHO   Document 89   Filed 05/09/18   Page 10 of 17


(e)  court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during any depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulation and Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected

10

1    Material before a determination by the court from which the subpoena or order issued, unless the

2    Party has obtained the Designating Party's permission.  The Designating Party shall bear the

3    burden and expense of seeking protection in that court of its confidential material – and nothing

4    in these provisions should be construed as authorizing or encouraging a Receiving Party in this

5    action to disobey a lawful directive from another court.

6    **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

7    **THIS LITIGATION**

8          (a)  The terms of this Order are applicable to information produced by a Non-Party in this

9    action and designated as Protected Material.  Such information produced by Non-Parties in

10   connection with this litigation is protected by the remedies and relief provided by this Order.

11   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

12   additional protections.

13         (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

14   Party's confidential information in its possession, and the Party is subject to an agreement with

15   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

16         (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of

17   the information requested is subject to a confidentiality agreement with a Non-Party;

18         (2)  promptly provide the Non-Party with a copy of the Stipulation and Protective Order in

19   this litigation, the relevant discovery request(s), and a reasonably specific description of the

20   information requested; and

21         (3)  make the information requested available for inspection by the Non-Party.

22         (c)  If the Non-Party fails to object or seek a protective order from this court within 14

23   days of receiving the notice and accompanying information, the Receiving Party may produce the

24   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

25   seeks a protective order, the Receiving Party shall not produce any information in its possession

26   or control that is subject to the confidentiality agreement with the Non-Party before a

27

28

11

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

1   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

2   burden and expense of seeking protection in this court of its Protected Material.

3   **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5   Material to any person or in any circumstance not authorized under this Stipulation and Protective

6   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9   made of all the terms of this Order, and (d) request such person or persons to execute the

10  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11

12  11.    **FRE 502(D) ORDER**

          The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that the

13

14  production of a document, or part of a document, shall not constitute a waiver of any privilege or

    protection as to any portion of that document, or as to any undisclosed privileged or protected

15

16  communications or information concerning the same subject matter, in this or in any other

    proceeding.  This Order applies to attorney-client privilege, work-product protections, as well as all

17

18  other protection afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges.

    Nothing in this Order shall constitute an admission that any document disclosed in this litigation is

19

20  subject to any of the foregoing privileges or protections, or that any party is entitled to raise or

    assert such privileges.  Additionally, nothing in this Order shall prohibit parties from withholding

21

22  from production any document covered by any applicable privilege or other protection.  When a

    Producing Party gives notice to Receiving Parties that certain inadvertently produced material is

23

24  subject to a claim of privilege or other protection, including governmental privileges, the

    obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

25

26  26(b)(5)(B).

27          The disclosure of privileged or protected information, as described above, in this

28

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.  However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

**12.     MISCELLANEOUS**

**12.1.   Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2     Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3.   Filing Protected Material**. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret,

13

or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the

Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

unless otherwise instructed by the Court.

**12.4 Meet and Confer Regarding Attorney's Eyes Only Provision.**  If a party finds

highly sensitive information that necessitates an "Attorney's Eyes Only" provision, the parties

agree to meet and confer to discuss a modification to this document.

**13.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such

material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.  Materials that exist on back-up tapes, systems, or similar

storage need not be immediately deleted or destroyed, and, instead, such materials overwritten

and destroyed in the normal course of business.  Until they are overwritten in the normal course

of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons

necessary to conduct routine IT and cybersecurity functions.  Notwithstanding this provision,

Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials

contain Protected Material.  Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4 (DURATION).  In particular,

14

attorneys for the United States may maintain copies of any documents designated Confidential in

their case file for this case, and may maintain copies of any notes or summaries containing such

Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, et seq., and 5

U.S.C. § 552, et seq.

Respectfully submitted,

DENNIS J. HERRERA (CA Bar #139669)
City Attorney

JESSE C. SMITH (CA Bar #122517)
Chief Assistant City Attorney

RONALD P. FLYNN (CA Bar #184186)
Chief Deputy City Attorney

YVONNE R. MERÉ (CA Bar #173594)
Chief of Complex and Affirmative Litigation

/s/ Sara J. Eisenberg
_____
CHRISTINE VAN AKEN (CA Bar #241755)
TARA M. STEELEY (CA Bar #231775)
MOLLIE M. LEE (CA Bar #251404)
SARA J. EISENBERG (CA Bar #269303)
AILEEN M. McGRATH (CA Bar #280846)
Deputy City Attorneys

City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:     (415) 554-4715
E-Mail:        brittany.feitelberg@sfgov.org

COUNSEL FOR PLAINTIFF
CITY AND COUNTY OF SAN
FRANCISCO

* * *

XAVIER BECERRA
Attorney General of California

ANGELA SIERRA
Senior Assistant Attorney General

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

JOHN R. TYLER
Assistant Director

/s/ W. Scott Simpson
_____
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel

LAURA A. HUNT
DANIEL D. MAULER
Trial Attorneys

Attorneys, Department of Justice
Civil Division, Room 7210
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone:     (202) 514-3495
Facsimile:     (202) 616-8470
E-mail:        scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS

JEFFERSON B. SESSIONS III, Attorney
General of the United States; ALAN R.
HANSON, Principal Deputy Assistant
Attorney General; and U.S. DEPART-
MENT OF JUSTICE

15

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

SATOSHI YANAI
Supervising Deputy Attorney General

/s/ Sarah E. Belton
_____
SARAH E. BELTON
LISA C. EHRLICH
LEE SHERMAN (SBN 272271)
Deputy Attorneys General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Telephone:     (213) 269-6404
Fax:           (213) 879-7605
E-mail:        Lee.Sherman@doj.ca.gov

COUNSEL FOR PLAINTIFF

STATE OF CALIFORNIA, ex rel. XAVIER
BECERRA

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2018

_____
WILLIAM H. ORRICK
United States District Judge

<u>ATTESTATION OF SIGNATURES</u>

I, W. Scott Simpson, hereby attest, pursuant to Local Civil Rule 5-1(*i*)(3) of the Northern District of California, that concurrence in the filing of this document has been obtained from each signatory hereto.

/s/ W. Scott Simpson
_____
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
COUNSEL FOR DEFENDANTS

16

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulation and Protective Order that

was issued by the United States District Court for the Northern District of California on

_____ [date] in the cases of *San Francisco v. Sessions*, No. 3:17-cv-04642-WHO (N.D.

Cal), and *California v. Sessions*, No. 3:17-cv-4701-WHO (N.D. Cal.), and I agree to comply with

and to be bound by all the terms of this Stipulation and Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulation and Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulation and

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulation and Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Stip. and Protective Order
No. 3:17-cv-04642/04701-WHO