DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
CHRISTINE VAN AKEN, State Bar #241755
TARA M. STEELEY, State Bar #231775
MOLLIE M. LEE, State Bar #251404
SARA J. EISENBERG, State Bar #269303
AILEEN M. McGRATH, State Bar #280846
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:      (415) 554-4715
E-Mail:         brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Plaintiff,<br><br>     vs.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, ALAN R. HANSON, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,<br><br>     Defendants. | Case No. 3:17-CV-04642-WHO<br><br>**DECLARATION OF ASSISTANT CHIEF HECTOR SAINEZ IN SUPPORT OF CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   September 5, 2018<br>Time:          2:00 p.m.<br>Judge:         Honorable William H. Orrick<br>Dept:          Courtroom 2<br><br>Trial Date:     January 28, 2019 |

I, Assistant Chief Hector Sainez, declare as follows:

1.      I am a resident of the State of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

2.      I am employed by the City and County of San Francisco as Assistant Chief with the San Francisco Police Department ("SFPD"). I joined the SFPD on June 18, 1990, more than 28 years ago. Since joining the SFPD, I have worked within the patrol, investigations, and administration divisions in various ranks from officer to Assistant Chief. I have worked in the Central, Mission, Bayview and Ingleside Stations as well as worked in and supported other city-wide investigative units.

3.      As an Assistant Chief, I am responsible for running the day-to-day operations of the Department. I oversee the professional standards and administration bureaus as well as the risk management office. I am also responsible for Departmental policies and policy development.

4.      The SFPD uses Byrne JAG funds to fund positions in the following specific programs: (1) Law Enforcement Assisted Diversion, an innovative approach that seeks to accomplish the goals of reduced criminal behavior and improved public safety by connecting appropriate low-level drug offenders with services; (2) Focused Drug Deterrence, short and long term proactive activities including targeted investigations and enforcement and social network analysis to increase the identification of individuals involved in high-level drug markets; (3) Drug Court Prosecution, which seeks to connect criminal defendants who suffer from a substantial substance abuse problem to treatment services in the community in order to enhance public safety, reduce recidivism, and to find appropriate dispositions to the criminal charges; (4) Targeted Drug Treatment for Underserved Populations, a treatment intervention conducted by the Sheriff's Department for individuals in custody; (5) Intensive Probation Supervision, a targeted caseload of probationers with substance abuse and/or mental health issues; (6) Narcotics Division for narcotics enforcement; and (7) Citywide Justice-Involved Youth Planning, which examines current criminal justice trends impacting youth and young adults and strengthens partnerships and collaboration at various levels to create a continuum of support for youth and young adults.

5.      I am familiar with San Francisco's Sanctuary City laws, found in San Francisco Administrative Code Sections 12H and 12I.

6.      San Francisco Sanctuary City laws encourage individuals to be candid and forthcoming with law enforcement.  They facilitate trust between law enforcement and the public.  They create an environment where individuals can feel comfortable reporting crimes, serving as witnesses, and assisting with investigations.

7.      I am also familiar with the federal law codified at 8 U.S.C. § 1373 ("Section 1373"), which provides that a local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.  Section 1373 further provides that no person or agency may prohibit, or in any way restrict, a local government entity from maintaining information regarding the immigration status, lawful or unlawful, of any individual, or exchanging such information with any other federal, state, or local government entity.

8.      I reviewed a memorandum dated Jan, 19, 2017, from Micki Callahan, the San Francisco Director of Human Resources.  That memorandum was directed to "All City and County of San Francisco Employees."  The subject of that memo was "Reminder about Sanctuary City Obligations."  The memo, in relevant part, informed recipients that "federal law states that a 'local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual' (8 U.S.C. § 1373)."  It further provided that: "Departments must entire that their rules, regulations, and protocols adhere to San Francisco's sanctuary city laws, codified at Chapters 12H and 12I of the Administrative Code."

9.      In accordance with Section 1373, the above memorandum, and San Francisco's Sanctuary City Laws, SFPD maintains policies that generally prohibit employees from using City funds or resources to assist in the enforcement of Federal immigration law or to gather or disseminate information regarding the release status of individuals or any other such personal information, unless required by Federal or State statute, regulation, or court decision.

1       10.     True and correct copies of all San Francisco Police Department policies regarding

2  communications with federal immigration officials in effect since October 1, 2016 are attached as

3  exhibits to this Declaration and are titled and labeled as follows: "San Francisco Police Department

4  General Order 5.15 – Enforcement of Immigration Laws" dated 12/13/95 is attached as Exhibit A;

5  "San Francisco Police Department Bulletin No. 16-015 – Enforcement of Immigration Laws" dated

6  02/08/16 is attached as Exhibit B; "San Francisco Police Department Bulletin No. 16-048 - Prohibition

7  on the Enforcement of Administrative Immigration Warrants" dated 04/01/16 is attached as Exhibit C;

8  "San Francisco Police Department Bulletin No. 17-015 – Enforcement of Immigration Laws" dated

9  01/19/17 is attached as Exhibit D;  "San Francisco Police Department Bulletin No. 17-016 –

10  Prohibition on the Enforcement of Administrative Immigration Warrants" dated 01/19/17 is attached

11  as Exhibit E; and "San Francisco Police Department General Order 5.15 – Enforcement of

12  Immigration Laws" dated 07/05/17 is attached as Exhibit F.

13       11.     SFPD does not have in effect, and is not subject to or bound by, any prohibition or

14  restriction that applies to its officials and employees, and which addresses either (1) the sending to, or

15  receiving from, the Immigration and Naturalization Service information regarding the citizenship or

16  immigration status of any individual; or (2) the maintenance of information regarding the citizenship

17  or immigration status of any individual.

18       I declare under penalty of perjury that the foregoing is true and correct and that this declaration

19  was executed on July 6, 2018 at San Francisco, California.

20

21

22                            ASSISTANT CHIEF HECTOR SAINEZ

                                SAN FRANCISCO POLICE DEPARTMENT

23

24

25

26

27

28

# EXHIBIT A

San Francisco Police Department                                          **5.15**
# GENERAL ORDER                                                  **12/13/95**

## ENFORCEMENT OF IMMIGRATION LAWS

The purpose of this order is to establish policies regarding the enforcement of
immigration laws and cooperation with the Immigration and Naturalization
Service (INS) in conformity with state and federal laws and the City of Refuge
Ordinance, San Francisco Administrative Code Section 12H.2-1.

## I. POLICY

**A. It is the policy of the San Francisco Police Department to foster trust and
cooperation with all people of this City and to encourage them to
communicate with San Francisco police officers without fear of inquiry
regarding their immigration status. It is also Department policy, consistent
with its obligations under state and federal law, to adhere to the City of
Refuge Ordinance. This ordinance prohibits the use of City resources to assist
in the enforcement of federal immigration laws except in certain limited
circumstances listed below.**

**B. In accordance with the City of Refuge Ordinance and state law, members of
the Department shall adhere to the following:**

    **1. DETENTION/DOCUMENTS. Members shall not stop, question, or detain any
individual solely because of the individual's national origin, foreign
appearance, inability to speak English, or immigration status (also see DGO
5.03, Investigative Detentions). The mere presence of so-called "illegal
aliens" is not a criminal offense.**

        **a. In the course of their duties, e.g., traffic enforcement, investigations,
taking reports, officers shall not ask for documents regarding an
individual's immigration status.**

    **2. ASSISTING THE INS. Members shall not enforce immigration laws or assist
the INS in the enforcement of immigration laws.**

SF_00005230

DGO 5.15
12/13/95

3. **REQUESTS FOR BACKUP ASSISTANCE. Members may provide backup
   assistance to the INS only when the member determines that there is a
   significant danger of personal injury or serious property damage. Backup
   assistance is justified only in rare circumstances where INS agents are in
   "significant" danger. Examples include, but are not limited to:**

   - **When firearms or weapons are involved.**

   - **When a subject to be detained has a history of violence.**

   - **When agents are physically attacked.**

   **Backup assistance shall not be provided to INS agents for routine
   operations or raids.**

   a. **INTERAGENCY OPERATIONS. If a request for backup assistance is made in
      advance, the member's Deputy Chief must approve (see DGO 5.14,
      Interagency Operations).**

   b. **DUTIES OF MEMBERS. Members providing backup assistance to the INS,
      shall immediately notify their supervisor and file an incident report
      describing the reasons for their assistance.**

   c. **DUTIES OF SUPERVISORS. When notified that a member is providing
      backup assistance to the INS, supervisors shall immediately respond to
      the location and ensure that such assistance is warranted.**

   d. **TRANSPORTATION. Members shall not assist the INS in transporting
      persons suspected solely of violating federal immigration laws.**

   e. **ENFORCEMENT OF STATE AND LOCAL LAWS. Nothing in this order
      prohibits a member from performing his/her duties in enforcing state
      and local laws.**

SF_00005231

4. **WHEN INFORMATION MAY BE RELEASED.** A member shall not inquire into an individual's immigration status or release or threaten to release information to the INS regarding an individual's identity or immigration status except:

a. **CONTROLLED SUBSTANCES BOOKINGS (HEALTH & SAFETY CODE 11369).** When a person has been arrested for any of the following offenses involving controlled substances: Health and Safety Code Sections 11350, 11351, 11351.5, 11352, 11353, 11355, 11357, 11359, 11360, 11361, 11363, 11366, 11550, and there is reason to believe that the person may not be a citizen of the United States. Such belief cannot be based solely upon a person's inability to speak English or his/her "foreign" appearance.

b. **FELONY BOOKINGS (S.F. ADMIN. CODE 12H. 2-1).** When a person is in custody after being booked for the alleged commission of a felony and is suspected of violating the civil provisions of the immigration laws. Such suspicion cannot be based solely upon a person's inability to speak English or his/her "foreign" appearance.

c. **PRIOR FELONY CONVICTION (S.F. ADMIN. CODE 12H. 2-1 (a)(b)(c)).**

(1) When a person has been booked at any county jail facility and has previously been convicted of a felony committed in violation of the laws of the State of California which is still considered a felony under state law; or

(2) When the INS makes a request for information about a person and the person has previously been convicted of a felony committed in violation of the laws of the State of California which is still considered a felony under state law.

d. **NO RELEASE FOR PUBLIC DEMONSTRATIONS (S.F. ADMIN. CODE 12H.2-1).** The City of Refuge ordinance prohibits release of information to the INS in a case where a person has been arrested or convicted for failing to obey a lawful order of a police officer during a public assembly, or for failing to disperse after a police officer has declared an assembly to be unlawful and ordered dispersal (Penal Code Section 409).

SF_00005232

DGO 5.15
12/13/95

5. RELEASE OF INFORMATION TO THE INS

a. Generally, any release of information to the INS will be handled by
Police Department personnel at the County Jail pursuant to authorized
procedures.

b. Before release can be made by personnel other that those assigned to
the County Jail, a member must have the authorization of his/her
Watch Lieutenant or Officer-in-Charge.

C. COOPERATION WITH FOREIGN GOVERNMENTS. Members shall not
assist or cooperate with any investigation, surveillance or information
gathering conducted by a foreign government unless it is related to an
investigation, authorized by the Police Department, into a violation of city
and county, state or federal criminal laws. (See DGO 8.10, Guidelines for First
Amendment Activities.)

D. DEPARTMENT EMPLOYEES. Nothing in this General Order prevents the
Department, when required by federal or state law, from inquiring into the
immigration status of an individual seeking employment with the
Department.

E. COMPLIANCE. Failure to comply with any provision of this General Order
shall subject the member to disciplinary action.


## References

DGO 5.03, Investigative Detentions
DGO 5.14, Interagency Operations

SF_00005233

# EXHIBIT B



# DEPARTMENT BULLETIN

A
16-015
02/08/16

## Enforcement of Immigration Laws

Members are reminded that it is the policy of the San Francisco Police Department to foster trust and cooperation with all people of this City and to encourage them to communicate with San Francisco police officers without fear of inquiry regarding their immigration status. It is also Department policy, consistent with its obligations under state and federal law, to adhere to the City of Refuge Ordinance, San Francisco Administrative Code Section 12H.2-1. This ordinance prohibits the use of City resources to assist in the enforcement of federal immigration laws except in certain limited circumstances.

In accordance with the City of Refuge Ordinance and state law, members of the Department shall adhere to the following:

1. DETENTION/DOCUMENTS. Members shall not stop, question, or detain any individual solely because of the individual's national origin, foreign appearance, inability to speak English, or immigration status (also see DGO 5.03, Investigative Detentions). The mere presence of so called "illegal aliens" is not a criminal offense.

   a. In the course of their duties, e.g., traffic enforcement, investigations, taking reports, officers shall not ask for documents regarding an individual's immigration status.

2. ASSISTING THE INS. (U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT- ICE) Members shall not enforce immigration laws or assist the INS (ICE) in the enforcement of immigration laws.

Per DB 15-141, both sworn and non-sworn members are required to electronically acknowledge this Department Bulletin in HRMS.

GREGORY P. SUHR
Chief of Police

SF_00000234

# EXHIBIT C



# DEPARTMENT BULLETIN

A
16-048
04/01/16

## Prohibition on the Enforcement of Administrative Immigration Warrants

Members are reminded that it is the policy of the San Francisco Police Department to foster trust and cooperation with all people of this City and to encourage them to communicate with San Francisco police officers without fear of inquiry regarding their immigration status. It is also Department policy (DGO 5.15 and reminder DB 16-015), consistent with its obligations under state and federal law, to adhere to the City of Refuge Ordinance, pursuant to SF Administrative Code §12H.2-1. This ordinance prohibits the use of City resources to assist in the enforcement of federal immigration laws except in certain limited circumstances.

One of those limited circumstances allows for the enforcement of federal <u>criminal</u> warrants for arrest. Federal <u>administrative (civil)</u> warrants are not to be enforced and will not be accepted by San Francisco Sheriff's Department personnel at CJ1. NCIC warrant responses will make clear whether the warrant is civil or criminal.

"Administrative Warrant of Removal" warrants **<u>shall not</u>** be enforced.
"Administrative Warrant of Arrest" warrants **<u>shall not</u>** be enforced.
"Criminal Warrant in violation of Title 18 USC, Section XXX." **<u>may</u>** be enforced (see DGO 6.18)

Attached are samples of NCIC print-outs of both administrative (civil) and criminal warrants that were provided for your reference by the SFSD.

Per DB 15-141, sworn members are required to electronically acknowledge this Department Bulletin in HRMS.

GREGORY P. SUHR
Chief of Police

SF_00005260

## SAMPLE RESPONSE FROM NCIC INQUIRY: ADMINISTRATIVE (CIVIL) WARRANTS

### Administrative Warrant of Removal:

WARNING REGARDING FOLLOWING RECORD - SUBJECT OF NIC/N307770847 HAS AN
OUTSTANDING ADMINISTRATIVE WARRANT OF REMOVAL FROM THE UNITED STATES.
CONTACT LESC
AT (877) 999-5372 FOR IMMEDIATE HIT CONFIRMATION AND AVAILABILITY OF
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER.

MKE/IMMIGRATION VIOLATION - FAILURE TO APPEAR FOR REMOVAL
ORI/VTINS1000 NAM/SMITH, JOHN SEX/M RAC/W DOB/19510101
HGT/510 WGT/180 EYE/BRO HAI/BRO CTZ/FN SKN/DRK
SMT/SC LF ARM
SOC/777010000
OFF/ALIEN UNLAWFULLY PRESENT DUE TO ORDER OF REMOVAL OR EXCLUSION FROM
THE USA
OCA/ASD1234-T MIS/KNOWN AS JOHNNY BOY
ORI IS BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, LAW ENFORCEMENT
SUPPORT CENTER
(877) 999-5372
NIC/N307770847 DTE/19880605 0000 EST DLU/20090101 0000 EST
*****THIS RECORD MAY BE USED ONLY BY CRIMINAL JUSTICE AGENCIES FOR
CRIMINAL JUSTICE PURPOSES.
*****END OF IMMIGRATION VIOLATOR FILE RESPONSE*****

### Administrative Warrant of Arrest:

WARNING REGARDING FOLLOWING RECORD - SUBJECT OF NIC/N307770847 HAS AN
OUTSTANDING ADMINISTRATIVE WARRANT OF ARREST FOR IMMIGRATION VIOLATIONS
FOR FAILURE TO COMPLY WITH NATIONAL SECURITY REGISTRATION. CONTACT LESC
AT (877) 999-5372 FOR IMMEDIATE HIT CONFIRMATION AND AVAILABILITY OF
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER.

MKE/IMMIGRATION VIOLATION - NATIONAL SECURITY REGISTRATION
ORI/VTINS1000 NAM/SMITH, JOHN SEX/M RAC/W DOB/19510101
HGT/510 WGT/180 EYE/BRO HAI/BRO CTZ/FN SKN/DRK
SMT/SC LF ARM
SOC/777010000
OFF/SOUGHT FOR VIOLATION OF NATIONAL SECURITY REGISTRATION
OCA/ASD1234-T MIS/KNOWN AS JOHNNY BOY
ORI IS BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, LAW ENFORCEMENT
SUPPORT CENTER (877) 999-5372
NIC/N307770847 DTE/19880605 0000 0830 EST DLU/20090101 0000 EST
*****THIS RECORD MAY BE USED ONLY BY CRIMINAL JUSTICE AGENCIES FOR
CRIMINAL JUSTICE PURPOSES.
*****END OF IMMIGRATION VIOLATOR FILE RESPONSE*****

63

SF_00005261

SAMPLE RESPONSE FROM NCIC INQUIRY: CRIMINAL ICE WARRANT

One Example of a Criminal Warrant

```
***MESSAGE KEY ZW SEARCHES WANTED PERSON FILE FELONY RECORDS REGARDLESS OF
EXTRADITION AND MISDEMEANOR RECORDS INDICATING POSSIBLE INTERSTATE
EXTRADITION FROM THE INQUIRING AGENCY'S LOCATION.  ALL OTHER NCIC PERSONS
FILES ARE SEARCHED WITHOUT LIMITATIONS.
MKE/WANTED PERSON
EXL/1 - FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MIS FIELD
ORI/VTICE0900 NAM/TEST, TEST SEX/M RAC/W POB/BY
DOB/19000101 HGT/509 WGT/175 EYE/BRO HAI/BLK
SKN/LGT
MNU/PP-1234567 SOC/123456789
OFF/FRAUD - FALSE STATEMENT
DOW/20090114 OCA/2-M-TEST
VLD/20120411
MIS/CRIMINAL WARRANT IN VIOLATION OF TITLE 18 USC, SECTION 1542, FALSE
STATEMENT
MIS/ON A PASSPORT APPLICATION; ISSUED BY THE U S DISTRICT COURT, EASTERN
MIS/DISTRICT OF VIRGINIA
DNA/N
ORI IS ICE LESC 802 872-6020
DOB/19730515
AKA/TESTER, TEST
AKA/ALPHA, BET
MNU/PP-5678943
SOC/9854321
NIC/W123456789 DTE/20090115 1510 EST DLU/20120411 1301 EST
IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI
```

Again, members shall continue to act upon criminal warrants entered by ICE into NCIC
pursuant to relevant directives (e.g., G.O. 302.06, WALES).

64

SF_00005262

# EXHIBIT D



**DEPARTMENT BULLETIN**

A
17-015
1/19/17

## Enforcement of Immigration Laws
(Supersedes DB 16-015)

Members are reminded that it is the policy of the San Francisco Police Department to foster respect and trust between law enforcement and residents, to protect limited local resources to encourage cooperation between residents and City officials, including law enforcement and public health officers and employees; and to ensure community security. It is also Department policy, consistent with its obligations under state and federal law, to adhere to the City of Refuge Ordinance, San Francisco Administrative Code Section 12H.2. This ordinance prohibits the use of City resources to assist in the enforcement of federal immigration laws or to gather or disseminate information regarding release status of individuals or any other such personal information as defined in Chapter 12I. Administrative Code 12I.2 defines "personal information" as "any confidential, identifying information about an individual, including, but not limited to home or work contact information, and family or emergency contact information unless required by Federal or State statute, regulation or court decision.

In accordance with the City of Refuge Ordinance and state law, members of the Department shall adhere to the following:

1. DETENTION/DOCUMENTS. Members shall not:
   a. Stop, question, or detain any individual solely because of the individual's national origin, foreign appearance, inability to speak English, or immigration status (also see DGO 5.03, Investigative Detentions). The mere presence of so called "illegal aliens," "undocumented individuals" is not a criminal offense.

   b. Ask for documents regarding an individual's immigration status in the course of their duties, e.g., traffic enforcement, investigations, taking reports, officers.

2. ASSISTING THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT- (ICE)
   Members shall not enforce immigration laws or assist ICE in the enforcement of immigration laws or gather or disseminate information regarding release status of individuals or any other personal information as defined in Administrative Code Admin. Code 12I.

Nothing in this bulletin precludes officers from providing emergency assistance to members of outside law enforcement agencies when there is a significant danger, as outlined in DGO 5.15. In such cases, once scene safety has been established, members shall notify their immediate supervisor of the incident. That supervisor shall respond to the scene and ensure that such assistance was warranted. Members involved in providing emergency back-up assistance shall file an incident report describing their reasons for their assistance.

TONEY D. CHAPLIN
Interim Chief of Police

*Per DB 15-141, both sworn and non-sworn members are required to electronically acknowledge this Department Bulletin in HRMS.*

SF_00000045

# EXHIBIT E



# DEPARTMENT BULLETIN

A
17-016
1/19/17

## Prohibition on the Enforcement of Administrative Immigration Warrants
### (Supersedes DB 16-048)

Members are reminded that it is the policy of the San Francisco Police Department to foster respect and trust between law enforcement and residents, to protect limited local resources, to encourage cooperation between residents and City officials, including especially law enforcement and public health officers and employees, and to ensure community security.  It is also Department policy (DGO 5.15 and reminder DB 17-015), consistent with its obligations under state and federal law, to adhere to the City of Refuge Ordinance, pursuant to SF Administrative Code §12H.2.  This ordinance prohibits the use of City resources to assist in the enforcement of federal immigration laws or to gather or disseminate information regarding release status of individuals or any such other such "personal information" or as defined in 12I unless required by Federal or State statute, regulation or court decision.  Personal information is defined as "any confidential, identifying information about an individual, including, but not limited to home or work contact information, and family or emergency contact information unless required by Federal or State statute, regulation or court decision  (Admin. Code 12I.2).

One of those limited circumstances allows members of the SFPD to enforce federal <u>criminal</u> warrants for arrest.  Federal <u>administrative (civil)</u> warrants are not to be enforced and persons detained under such civil warrants will not be accepted by San Francisco Sheriff's Department personnel at CJ1.  NCIC warrant responses will make clear whether the warrant is civil or criminal.

"Federal Immigration Administrative Warrant of Removal" warrants **<u>shall not</u>** be enforced.
"Federal Immigration Administrative Warrant of Arrest" warrants **<u>shall not</u>** be enforced.
"Federal Criminal Warrant issued for violation of Title 18 USC, Section XXX" **<u>may</u>** be enforced (see DGO 6.18).

Attached are samples of NCIC print-outs of both administrative (civil) and criminal warrants that were provided for your reference by the SFSD.

TONEY D. CHAPLIN
Interim Chief of Police

*Per DB 15-141, both sworn and non-sworn members are required to electronically acknowledge this Department Bulletin in HRMS. Please review Department Bulletin 17-015.*

SF_00000046

## SAMPLE RESPONSE FROM NCIC INQUIRY: ADMINISTRATIVE (CIVIL) WARRANTS

### Administrative Warrant of Removal:

WARNING REGARDING FOLLOWING RECORD - SUBJECT OF NIC/N307770847 HAS AN
OUTSTANDING ADMINISTRATIVE WARRANT OF REMOVAL FROM THE UNITED STATES.
CONTACT LESC
AT (877) 999-5372 FOR IMMEDIATE HIT CONFIRMATION AND AVAILABILITY OF
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER.

MKE/IMMIGRATION VIOLATION - FAILURE TO APPEAR FOR REMOVAL
ORI/VTINS1000 NAM/SMITH, JOHN SEX/M RAC/W DOB/19510101
HGT/510 WGT/180 EYE/BRO HAI/BRO CTZ/FN SKN/DRK
SMT/SC LF ARM
SOC/777010000
OFF/ALIEN UNLAWFULLY PRESENT DUE TO ORDER OF REMOVAL OR EXCLUSION FROM
THE USA
OCA/ASD1234-T MIS/KNOWN AS JOHNNY BOY
ORI IS BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, LAW ENFORCEMENT
SUPPORT CENTER
(877) 999-5372
NIC/N307770847 DTE/19980605 0000 EST DLG/20090101 0000 EST
*****THIS RECORD MAY BE USED ONLY BY CRIMINAL JUSTICE AGENCIES FOR
CRIMINAL JUSTICE PURPOSES.
*****END OF IMMIGRATION VIOLATOR FILE RESPONSE*****

### Administrative Warrant of Arrest:

WARNING REGARDING FOLLOWING RECORD - SUBJECT OF NIC/N307770847 HAS AN
OUTSTANDING ADMINISTRATIVE WARRANT OF ARREST FOR IMIGRATION VIOLATIONS
FOR FAILURE TO COMPLY WITH NATIONAL SECURITY REGISTRATION. CONTACT LESC
AT (877) 999-5372 FOR IMMEDIATE HIT CONFIRMATION AND AVAILABILITY OF
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER.

MKE/IMIGRATION VIOLATION - NATIONAL SECURITY REGISTRATION
ORI/VTINS1000 NAM/SMITH, JOHN SEX/M RAC/W DOB/19510101
HGT/510 WGT/180 EYE/BRO HAI/BRO CTZ/FN SKN/DRK
SMT/SC LF ARM
SOC/777010000
OFF/SOUGHT FOR VIOLATION OF NATIONAL SECURITY REGISTRATION
OCA/ASD1234-T MIS/KNOWN AS JOHNNY BOY
ORI IS BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, LAW ENFORCEMENT
SUPPORT CENTER (877) 999-5372
NIC/N307770847 DTE/19980605 0000 0830 EST DLG/20090101 0600 EST
*****THIS RECORD MAY BE USED ONLY BY CRIMINAL JUSTICE AGENCIES FOR
CRIMINAL JUSTICE PURPOSES.
*****END OF IMMIGRATION VIOLATOR FILE RESPONSE*****

63

SF_00000047

SAMPLE RESPONSE FROM NCIC INQUIRY: CRIMINAL ICE WARRANT

One Example of a <u>Criminal</u> Warrant

```
***MESSAGE KEY ZW SEARCHES WANTED PERSON FILE FELONY RECORDS REGARDLESS OF
EXTRADITION AND MISDEMEANOR RECORDS INDICATING POSSIBLE INTERSTATE
EXTRADITION FROM THE INQUIRING AGENCY'S LOCATION.  ALL OTHER NCIC PERSONS
FILES ARE SEARCHED WITHOUT LIMITATIONS.
MKE/WANTED PERSON
EXL/1 - FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MIS FIELD
ORI/VTICE0900 NAM/TEST, TEST SEX/M RAC/W POB/EY
DOB/19000101 HGT/509 WGT/175 EYE/BRO HAI/BLK
SKN/LGT
MNU/PP-1234567 SOC/123456789
OFF/FRAUD - FALSE STATEMENT
EOW/20090114 OCA/2-M-TEST
VLD/20120411
MIS/CRIMINAL WARRANT IN VIOLATION OF TITLE 18 USC, SECTION 1542, FALSE
STATEMENT
MIS/ON A PASSPORT APPLICATION; ISSUED BY THE U S DISTRICT COURT, EASTERN
MIS/DISTRICT OF VIRGINIA
DNA/N
ORI IS ICE LESC 802 872-6020
DOB/19730515
AKA/TESTER, TEST
AKA/ALPHA, BET
MNU/PP-5678943
SOC/9854321
NIC/W123456789 DTE/20090115 1510 EST DLU/20120411 1301 EST
IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI
```

Again, members shall continue to act upon <u>criminal</u> warrants entered by ICE into NCIC
pursuant to relevant directives (e.g., G.O. 302.06, *WALES*).

64

SF_00000048

# EXHIBIT F

San Francisco Police Department                                  **5.15**

# GENERAL ORDER                                    Rev. 07/05/17

## ENFORCEMENT OF IMMIGRATION LAWS

The purpose of this order is to establish policies regarding the San Francisco Police Department's role in the enforcement of immigration laws and cooperation with U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP") or successor agencies whose role is to enforce immigration laws, in conformity with state and federal laws and San Francisco Administrative Code Chapters 12H and 12I.

## I. POLICY.

It is the policy of the San Francisco Police Department to foster respect and trust between law enforcement and residents, to protect limited local resources, to encourage cooperation between residents, City officials, and law enforcement, and to ensure community security. It is also Department policy, consistent with its obligations under state and federal law, to adhere to San Francisco Administrative Code Chapters 12H and 12I. These Chapters generally prohibit the use of City resources to assist in the enforcement of federal immigration laws, except as required by federal or state law.

## II. STATE AND LOCAL LAW.

In accordance with Chapter 12H and state law, members of the Department shall, in performing their official duties, adhere to all of the following:

A. **DETENTION:** Members shall not stop, question, or detain any individual solely because of the individual's national origin, foreign appearance, inability to speak English, or immigration status (also see DGO 5.03, Investigative Detentions). Members shall not inquire into an individual's immigration status.

B. **DOCUMENTS:** In the course and scope of their duties e.g., traffic enforcement, investigations, and taking reports, members shall not require individuals to produce any document to prove their immigration status.

C. **ASSISTING ICE/CBP:** Members shall not cooperate with or assist ICE/CBP in any investigation, detention, or arrest procedures, public or clandestine, where in any such instance the purpose is enforcing federal immigration laws.

SF_00000051

DGO 5.15
Rev. 07/05/17

**D.    INFORMATION GATHERING/DISSEMINATION FOR IMMIGRATION ENFORCEMENT PURPOSES:**

1) **Release Status/Confidential Information for immigration enforcement purposes.** Members shall not request information about, or disseminate information, regarding the release status of any individual or any other confidential, identifying information such as home, work, or family or emergency contact information, except as required by federal or state law.

2) **Services.** The Department shall not include on any application, questionnaire, or interview form it uses in relation to benefits, services, or opportunities provided by the City and County of San Francisco, any questions regarding immigration status other than those required by federal or state law.

**E.    ICE/CBP DETAINERS/ADMINISTRATIVE (CIVIL) WARRANTS:**
Members shall not arrest or detain an individual, or provide any individual's personal information to a federal immigration officer, solely on the basis of an administrative (civil) warrant, prior deportation order, or other civil immigration document that only addresses alleged violations of the civil provisions of immigration laws. Members shall not place an administrative (civil) immigration hold or detainer on an individual who is in custody. National Crime Information Center ("NCIC") or California Law Enforcement Telecommunication System ("CLETS") warrant responses currently make clear whether the warrant is administrative (civil) or criminal.

Members shall adhere to all of the following when reviewing or examining outstanding warrants in the NCIC or CLETS system.  Members:

1) Shall contact the Sheriff's Central Warrant Bureau ("CWB") to confirm any warrant before taking action on the warrant.
2) Shall not enforce federal administrative (civil) warrants for arrest (currently Department Homeland Security ("DHS") Form I-200) or for removal/deportation (currently DHS Form I-205).
3) Shall not enforce Administrative Immigration Detainer – Notice of Action (currently DHS Form I-247A).
4) May enforce criminal warrants after consulting with CWB and confirming the criminal warrant.
5) Shall record the name of the individual from CWB staff who confirmed the criminal warrant in the incident report. (See DGO 6.18, Warrant Arrests.)

SF_00000052

DGO 5.15
Rev. 07/05/17

## III. PROVIDING EMERGENCY ASSISTANCE TO ICE/CBP.

A.   **ICE/CBP REQUESTS FOR EMERGENCY ASSISTANCE:** Members may provide emergency assistance to ICE/CBP to the same extent members would respond to emergency assistance to any other law enforcement agency. For example, members may provide emergency assistance when the member determines there is an emergency posing a significant and immediate danger to public safety or to the ICE/CBP agents.

B.   **DUTIES OF MEMBERS:** Members providing emergency assistance to ICE/CBP shall immediately notify their supervisor and complete an incident report describing the reasons for their assistance.

C.   **DUTIES OF SUPERVISORS:** When notified that a member is providing emergency assistance to ICE/CBP, supervisors shall immediately respond to the location and ensure that such assistance is warranted.

D.   **TRANSPORTATION:** Members shall not assist ICE/CBP in transporting individuals suspected solely of violating federal immigration laws.

E.   **ASSISTANCE:** Members shall not provide assistance to ICE/CBP agents for routine ICE/CBP operations, investigations, or raids. If ICE/CBP requests assistance that does not amount to an emergency as outlined in this section, members shall follow the protocols listed for Interagency Operations. (See DGO 5.14, Interagency Operations.)

## IV. ASSISTING OTHER LAW ENFORCEMENT AGENCIES AND FOREIGN GOVERNMENT.

A.   **INTERAGENCY OPERATIONS:** If ICE/CBP requests assistance with a planned, unplanned, or spontaneous operation, members must obtain approval from the member's Assistant Chief. (See DGO 5.14, Interagency Operations.)

B.   **JOINT CRIMINAL OPERATIONS:** Members may continue to collaborate with other law enforcement agencies, with approval of the member's Assistant Chief, to protect public safety and participate in joint criminal investigations that are permitted under Department policy or applicable city or state law. When a member becomes aware that the criminal investigation involves the enforcement of immigration laws, the member shall:
1)   Notify a Supervisor; and
2)   Cease operations if doing so would not pose a risk to the officers or the public; and
3)   Suspend Interagency Operations.

3

SF_00000053

**DGO 5.15**
**Rev. 07/05/17**

      **C.**    **ASSISTING FOREIGN GOVERNMENT:** Members shall not assist or cooperate with any investigation, surveillance, or gathering of information conducted by foreign governments, except for cooperation related to an alleged violation of City and County, State, or Federal criminal laws. (See DGO 8.10, Guidelines for First Amendment Activities.) Any assistance or cooperation with a foreign government must be approved by the member's Assistant Chief. (See DGO 5.14, Interagency Operations.) Members requesting approval of the Interagency Operation shall notify the Officer-In-Charge ("OIC") of the Special Investigations Division ("SID") who will evaluate whether the U.S. State Department should be notified of the assistance or cooperation.

**V. DEPARTMENT BULLETINS.** Department Bulletins describing current versions or relevant examples of DHS forms and the most current samples of NCIC or CLETS print-outs of both administrative (civil) and criminal warrants will be issued as necessary.

**VI. COMPLIANCE WITH OTHER STATE OR LOCAL LAWS.** Nothing in this General Order prohibits members from performing their duties in enforcing state and local laws.

References

DGO 5.03, Investigative Detentions
DGO 5.14, Interagency Operations
DGO 6.18, Warrant Arrests
DGO 8.10, Guidelines for First Amendment Activities

SF_00000054