1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
3 RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
4 YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
5 CHRISTINE VAN AKEN, State Bar #241755
TARA M. STEELEY, State Bar #231775
6 MOLLIE M. LEE, State Bar #251404
SARA J. EISENBERG, State Bar #269303
7 AILEEN M. McGRATH, State Bar #280846
Deputy City Attorneys
8 City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
9 San Francisco, California 94102-4602
Telephone: (415) 554-4748
10 Facsimile: (415) 554-4715
E-Mail: brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, ALAN R. HANSON, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,<br><br>Defendants. | Case No. 3:17-CV-04642-WHO<br><br>**DECLARATION OF CRISTINE DEBERRY IN SUPPORT OF CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: September 5, 2018<br>Time: 2:00 p.m.<br>Judge: Honorable William H. Orrick<br>Dept: Courtroom 2<br><br>Trial Date: January 28, 2019 |

I, Cristine DeBerry, declare as follows:

1. I am a resident of the State of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

2. I am employed by the City and County of San Francisco as Chief of Staff for San Francisco District Attorney George Gascón. I have held this position since 2011. Prior to working in this position, I served as Deputy Chief of Staff to San Francisco Mayor Edwin Lee in 2011. I also served as Deputy Chief of Staff to San Francisco Mayor Gavin Newsom from 2007 to 2010.

3. The District Attorney's Office uses funds from the Edward Byrne Memorial Justice Assistant Grant ("Byrne JAG") program to staff the San Francisco Drug Court ("SFDC"), which was established in 1995 as an alternative to traditional sentencing options for drug offenders. The prosecutor's role in Drug Court is not adversarial; rather the prosecutor is focused on a shared common goal for the defendant's completion of treatment. SFDC aims to connect criminal defendants who suffer from a substantial substance abuse problem to treatment services in the community in order to enhance public safety, reduce recidivism, and to find appropriate dispositions to the criminal charges.

4. The District Attorney's Office also uses funds from the Byrne JAG program for the Young Adult Court, which is aimed at reducing recidivism for youth ages 18-25. This Court was designed in response to a growing body of neuroscience research showing that young adults are fundamentally different from both juveniles and older adults in how they process information and make decisions. Our traditional justice system is not well-equipped to address cases involving these individuals, who are qualitatively different in development, skills, and needs from both children and older adults. The Young Adult Court fills this gap by providing case management and other support for eligible young adult offenders from high-risk backgrounds.

5. I am familiar with San Francisco Administrative Code Chapters 12H and 12I ("Sanctuary City Laws"). The District Attorney's Office does not have any specific policies addressing the topics covered by San Francisco's Sanctuary City Laws.

//

6. I am familiar with the federal law codified at 8 U.S.C. § 1373 ("Section 1373"), which provides that a local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual. Section 1373 further provides that no person or agency may prohibit, or in any way restrict, a local government entity from maintaining information regarding the immigration status, lawful or unlawful, of any individual, or exchanging such information with any other federal, state, or local government entity

7. On January 19, 2017, all District Attorney's Office employees received a memorandum from Micki Callahan, the San Francisco Director of Human Resources. That memorandum was directed to "All City and County of San Francisco Employees." The subject of that memorandum was "Reminder about Sanctuary City Obligations." The memorandum, in relevant part, informed recipients that "federal law states that a 'local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual' (8 U.S.C. § 1373)." It further provided that: "Departments must ensure that their rules, regulations, and protocols adhere to San Francisco's sanctuary city laws, codified at Chapters 12H and 12I of the Administrative Code."

8. The District Attorney's Office does not have in effect, and is not subject to or bound by, any prohibition or restriction, that applies to its officials and employees, and which addresses either (1) the sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status of any individual; or (2) the maintenance of information regarding the citizenship or immigration status of any individual.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on _July 5, 2018_ at San Francisco, California.

CRISTINE DEBERRY