DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
CHRISTINE VAN AKEN, State Bar #241755
TARA M. STEELEY, State Bar #231775
MOLLIE M. LEE, State Bar #251404
SARA J. EISENBERG, State Bar #269303
AILEEN M. McGRATH, State Bar #280846
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone: (415) 554-4748
Facsimile: (415) 554-4715
E-Mail: brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>    vs.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, ALAN R. HANSON, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,<br><br>    Defendants. | Case No. 3:17-CV-04642-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Honorable William H. Orrick<br>Hearing Date: September 5, 2018<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br><br>Trial Date: January 28, 2019 |

On July 11, 2018, Plaintiff City and County of San Francisco "(San Francisco") filed a Motion for Summary Judgment ("Motion").  A hearing was held on September 5, 2018, at 2:00 p.m.

The Court has considered the Motion and documents filed therewith, all of the papers on file in this action, and the evidence and arguments presented at the hearing, and hereby GRANTS San Francisco's Motion and enters judgment in its favor as to each of its claims for relief on the grounds that the undisputed evidence shows that:

1. Defendants imposed two requirements (the "Notice and Access Requirements") for FY 2017 Edward Byrne Memorial Justice Assistance Grants (JAG) that Defendants have said state and local jurisdictions must comply with in order to receive JAG funding.  Defendants imposed an additional requirement for FY 2017 JAG awards requiring state and jurisdictions to certify compliance with 8 U.S.C. § 1373 ("the Section 1373 Requirement").
2. The Notice, Access, and Section 1373 Requirements violate the United States Constitution's separation of powers principles.
3. The Notice, Access, and Section 1373 Requirements violate the United States Constitution's Spending Clause.
4. Chapters 12H and 12I of the San Francisco Administrative Code comply with 8 U.S.C. § 1373, as lawfully interpreted.
5. San Francisco does not have in place a prohibition or restriction that applies to any program or activity funded under the Byrne JAG program, and which deals with sending to, receiving from, or requesting immigration status information with the federal government, or maintaining such information.

Having entered judgment on the above, the Court hereby ORDERS the following relief:

## DECLARATION

The Court finds that declaratory relief under 28 U.S.C. § 2201 is appropriate in this case. Now, therefore, it is hereby DECLARED that:

1. The Notice, Access, and Section 1373 Requirements are unconstitutional and/or unlawful because: (a) they exceed the congressional authority conferred to the Executive Branch; and/or (b) to the extent there is congressional authorization, they exceed the Congress's spending

powers under Article I of the Constitution.

2. Chapters 12H and 12I of the San Francisco Administrative Code comply with 8 U.S.C. § 1373.

3. San Francisco does not have in place a prohibition or restriction that applies to any program or activity funded under the Byrne JAG program, and which deals with sending to, receiving from, or requesting immigration status information with the federal government, or maintaining such information.

**PERMANENT INJUNCTION**

The Court also finds that each of the necessary elements for issuing a permanent injunction are met. In particular, the Court finds that San Francisco has succeeded on the merits of its claims and that absent an injunction San Francisco would suffer irreparable injury; the balance of equities favor San Francisco; and the requested relief is in the public interest. Now, therefore, it is hereby ORDERED that:

Defendants Jefferson B. Sessions, Attorney General of the United States; Alan R. Hanson in his official capacity as Principal Deputy Assistant Attorney General; and the United States Department of Justice and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or in participation with them (collectively, "Defendants"), ARE HEREBY RESTRAINED AND ENJOINED from committing, or performing, directly and indirectly, the following acts:

1. Using the Notice, Access, and Section 1373 Requirements as funding restrictions for any Byrne JAG awards.

2. Denying San Francisco Byrne JAG funding on the basis of alleged non-compliance with Section 1373.

**OTHER RELIEF**

Defendants are further hereby ORDERED to reimburse San Francisco for all litigation costs.

**IT IS SO ORDERED**

DATED:

_____
Hon. William H. Orrick
United States District Judge