DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
TARA M. STEELEY, State Bar #231775
SARA J. EISENBERG, State Bar #269303
AILEEN M. McGRATH, State Bar #280846
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:     (415) 554-4715
E-Mail:        brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, LAURA L. ROGERS, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,<br><br>　　　　Defendants. | Case No. 3:17-CV-04642-WHO<br><br>**DECLARATION OF ADRIENNE PON IN SUPPORT OF PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:　　　　Honorable William H. Orrick<br>Hearing Date:　September 5, 2018<br>Time:　　　　2:00 p.m.<br>Place:　　　　Courtroom 2, 17th Floor<br><br>Trial Date:　　January 28, 2019 |

I, ADRIENNE PON, hereby declare as follows:

1. I am a resident of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I would testify competently thereto.

2. I file this declaration in support of Plaintiff City and County of San Francisco's Opposition to Defendants' Motion for Summary Judgment and Reply to Defendants' Opposition to Motion for Summary Judgment.

3. I am the Executive Director of the San Francisco Immigrant Rights Commission and the Office of Civic Engagement and Immigrant Affairs ("OCEIA"). I have held this position since 2009.

4. OCEIA's mission is to promote inclusive policies and foster immigrant assistance programs that lead to full civic, economic and linguistic integration. To that end, OCEIA conducts education and outreach to the public regarding San Francisco policies and services, including San Francisco's Sanctuary City laws.

5. I have reviewed the document entitled "*Background Information: City and County of San Francisco Immigrant Protection policies*" that is attached as Exhibit C to the Declaration of W. Scott Simpson in support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. It is an outdated draft document that was never distributed to the public, containing a summary of a prior version of San Francisco's Sanctuary City laws.

6. The draft document was corrected to accurately reflect San Francisco's revised Sanctuary City laws, which do not prohibit San Francisco employees from sharing information regarding an individual's immigration status with federal immigration authorities. A true and correct copy of the corrected "*Background Information: City and County of San Francisco Immigrant Protection policies*" is attached hereto as Exhibit A.

7. By early 2017, all of OCEIA's materials were updated to accurately reflect San Francisco's revised Sanctuary City laws.

///

///

///

PON DECL. ISO CCSF'S OPP. AND REPLY;
CASE NO. 3:17-CV-04642-WHO

1

8. Current information about San Francisco's revised Sanctuary City laws is available on OCEIA's website at https://sfgov.org/oceia/sanctuary-city-ordinance-0%20.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 14, 2018 at San Francisco, California.

_____
ADRIENNE PON

# EXHIBIT A

**CITY AND COUNTY OF SAN FRANCISCO**

# OFFICE OF CIVIC ENGAGEMENT & IMMIGRANT AFFAIRS

Edwin M. Lee, Mayor                                                                                                 Adrienne Pon, Executive Director
Naomi Kelly, City Administrator

**Background Information: City and County of San Francisco Sanctuary City Laws**

Many people talk about San Francisco being a Sanctuary City, but few know exactly what that means. Key provisions of San Francisco's Sanctuary City laws are summarized below. **These laws do NOT mean that federal immigration enforcement cannot or does not happen in San Francisco.** Instead, they provide specific restrictions on how the City can interact with federal immigration authorities.

**Sanctuary City Ordinance (Admin. Code 12H):**

San Francisco is a [Sanctuary City](#) and has been since 1989. In San Francisco, this means that unless required by Federal or State law, City departments, agencies, commissions and employees are generally prohibited from using City resources to:

- Assist or cooperate with any ICE investigation, detention, or arrest relating to alleged violations of the civil provisions of federal immigration law.
- Ask about immigration status on any application for City* benefits, services, or opportunities, except as required by federal or state statute, regulation, or court decision.
- Limit City* services or benefits based on immigration status, unless required by federal or state statute or regulation, public assistance criteria, or court decision.
- Provide information about the release status or personal information (such as date of birth, phone number, or address) of any individual, except in limited circumstances when law enforcement may respond to ICE requests for notification about when an individual will be released from custody.
- Cooperate with foreign government investigations or surveillance, except as related to criminal laws.

*Note: Federally funded programs may have different rules, record-keeping, and reporting requirements.

**Due Process for All Ordinance (Admin Code 12 I):**

Federal immigration authorities sometimes issue detainer or notification requests to local law enforcement agencies. A detainer request asks local law enforcement to hold an individual for up to 48 hours after they would otherwise be released from local custody. A notification request asks local law enforcement to notify federal immigration officials before releasing an individual from custody.

- Local law enforcement agencies are not allowed to respond to detainer requests.
- Law enforcement agencies are allowed – but not required - to respond to notification requests only under the following circumstances:

- An individual has been convicted of a violent felony in the prior seven years; OR
- An individual has been convicted of a serious felony or three particular felonies in the prior five years AND a magistrate has found probable cause to believe the individual is guilty of a felony and ordered the individual held to answer.

Even under these circumstances, law enforcement deciding whether to respond to a notification request must consider evidence of rehabilitation and evaluate whether the individual is a public safety risk.

- Law enforcement officials shall not arrest or detain an individual, or provide any individual's personal information to a federal immigration officer, on the basis of an administrative warrant, prior deportation order, or other civil immigration document based solely on alleged violations of the civil provisions of immigration laws.

**To file a complaint regarding a violation of the Sanctuary City policy, please contact the Human Rights Commission at 415.252.2517.**

**For general information on immigrant rights and services, contact OCEIA at 415.581.2360 or visit www.sfgov.org/oceia**

2.