DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
TARA M. STEELEY, State Bar #231775
SARA J. EISENBERG, State Bar #269303
AILEEN M. McGRATH, State Bar #280846
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:     (415) 554-4715
E-Mail:        brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, LAURA L. ROGERS, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,<br><br>Defendants. | Case No. 3:17-CV-04642-WHO<br><br>**DECLARATION OF MATTHEW JERZYK IN SUPPORT OF PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:         Honorable William H. Orrick<br>Hearing Date:  September 5, 2018<br>Time:          2:00 p.m.<br>Place:         Courtroom 2, 17th Floor<br><br>Trial Date:    January 28, 2019 |

I, MATTHEW JERZYK, declare as follows.

1. I am the City Solicitor for the City of Central Falls, Rhode Island. I am a resident of the State of Rhode Island. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently to the matters set forth below. I file this declaration in support of Plaintiff City and County of San Francisco's Opposition to Defendants' Motion for Summary Judgment and Reply to Defendants' Opposition to Motion for Summary Judgment.

2. Central Falls is a welcoming community that is proud of its diversity and its immigrant population. Encompassing only 1.27 square miles, Central Falls has approximately 19,376 residents, of whom 38% are foreign-born, according to Census data. Long a hub of immigrant workers seeking the American Dream, Central Falls strives to foster cooperation and trust between its immigrant community and the city by ensuring that city employees do not become participants in the enforcement of federal immigration law, except where required by law. In our considered judgment, Central Falls and its residents are safer and can more fully participate in the life of the city when the city lawfully limits when city employees and agencies assist with the enforcement of federal immigration laws.

3. The City of Central Falls has used Byrne JAG funding for a variety of purposes, including the following: $28,961 in 2016 for internet access and tablets for detectives; $25,257 in 2015 for upgrades to the police servers; $26,301 in 2014 for upgrades to video cameras; $22,104 in 2013 for upgrades to the police department's security doors; $22,311 in 2012 for upgrades to the police radio system; $29,775 in 2011 for weapons and a digital recording system; and $38,783 in 2010 for upgrades to the police department's computer technology systems.

4. The Byrne JAG funds have been critical for the Central Falls police department as funding for the department was cut dramatically following the city declaring bankruptcy in August 2011 and emerging from bankruptcy in late 2012.

5. On June 27, 2018, the City of Central Falls was awarded a Byrne JAG award for FY 2017 in the amount of $28,677. The City of Central Falls plans to use its Byrne JAG funding to support several criminal justice priorities. In particular, the City of Central Falls plans to use FY 2017 Byrne JAG funding for the following reasons: purchase necessary hardware and software that will

allow police personnel to log onto the existing police network with heightened security by utilizing fingerprint readers; purchase fingerprint readers and software which will be placed on all network accessed devices and will allow employees to authenticate to the network; purchase hardware and software to increase the viability of the police department's remote access location - the Emergency Operations Center – and provide the Central Falls Police Department with the ability to have an uninterrupted alternate off site location in the event of equipment failure or an emergency event.

6. In the award letter notifying Central Falls that its grant application was approved and that Central Falls could receive the money awarded were special conditions that requires the Central Falls to certify its compliance with 8 U.S.C. § 1373 ("Section 1373"), agree to permit Department of Homeland Security ("DHS") personnel to access any detention facility in order to meet with an alien and inquire as to his or her right to be or remain in the United States ("Access Condition"), and agree to provide at least 48 hours advance notice to DHS regarding the scheduled release date and time of an alien in the jurisdiction's custody when DHS requests such notice in order to take custody of the alien ("Notice Condition").

7. Central Falls complies with Section 1373 because it does not prohibit city employees from sending or receiving information regarding citizenship or immigration status. Central Falls understands, however, that the Department of Justice ("DOJ") has advanced a broader interpretation of Section 1373 in this litigation beyond what the plain language of Section 1373 requires. Central Falls does not want to be forced to agree to the DOJ's broad interpretation of Section 1373 in order to accept its 2017 Byrne JAG award.

8. Central Falls also does not want to be forced to comply with the Notice and Access conditions. Doing so would compel Central Falls to compromise its longstanding policies by requiring Central Falls to use its employees, facilities and resources to assist federal immigration law enforcement.

9. However, in the absence of an injunction preventing the DOJ from imposing the Section 1983, Notice and Access Conditions, Central Falls will face a Hobson Choice. It will either be forced to decline the 2017 Byrne JAG funds which it needs to protect the public safety of its residents,

or it will be forced to agree to the Section 1373, Notice and Access Conditions at the expense of Central Falls' longstanding policies, and Central Falls' sovereign authority to make policies choices.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 14, 2018 at ___1:15 pm___.

Matthew T. Jerzyk Esq. (RI #7945)



JERZYK DECL. ISO CCSF'S OPP. AND REPLY;        3
CASE NO. 3:17-CV-04642-WHO