DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
TARA M. STEELEY, State Bar #231775
SARA J. EISENBERG, State Bar #269303
AILEEN M. McGRATH, State Bar #280846
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:     (415) 554-4715
E-Mail:        brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, LAURA L. ROGERS, Acting Assist. Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, DOES 1-100,<br><br>　　　　Defendants. | Case No. 3:17-CV-04642-WHO<br><br>**PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(C)(1)**<br><br>Judge:　　　　　　Honorable William H. Orrick<br>Hearing Date:　　September 5, 2018<br>Time:　　　　　　2:00 p.m.<br>Place:　　　　　　Courtroom 2, 17th Floor<br><br>Trial Date:　　　　January 28, 2019 |
|---|---|

**INTRODUCTION**

DOJ has not met its burden justifying an exception to the exclusionary sanction under Federal Rule of Civil Procedure 37(c)(1). Instead, DOJ simply argues that this Court should deny "Plaintiff's Administrative Motion to Exclude Evidence Pursuant to Federal Rule of Civil Procedure 37(c)(1)" because of San Francisco's own conduct. Specifically, DOJ argues that because San Francisco submitted seven additional declarations in support of its own "Opposition to Defendants' Motion for Summary Judgment and Reply to Defendants' Opposition to Motion for Summary Judgment" that San Francisco committed the same errors as DOJ. For this reason, DOJ contends that San Francisco was not harmed. DOJ is mistaken on the facts and the law.

**ARGUMENT**

**I.   DEFENDANTS CANNOT MEET THEIR BURDEN UNDER RULE 37(c)(1)**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here DOJ does not dispute that it failed to supplement its initial disclosures prior to filing the Declarations of Francisco Madrigal and Marilynn B. Atsatt in support of its Motion for Summary Judgment. In stark contrast to San Francisco's actions described below, DOJ made no attempt in its Opposition to this Motion to argue that it acted with the requisite "substantial justification" required by Rule 37(c)(1). In fact, DOJ's brief is completely devoid of any reason or explanation detailing why it did not seek to supplement its initial disclosures.[1]

Further DOJ does not directly challenge the representations made by San Francisco regarding the harm it felt by DOJ's failure to disclose and the efforts that San Francisco would have taken if it had been made aware of these additional witnesses.

Most importantly, DOJ does not offer any authority addressing the mandatory language of Rule 37 and the cases that have upheld exclusionary sanctions in this context.

---

[1] Defendants did in fact serve supplemental disclosures on August 15, 2018, after San Francisco filed its Motion to Exclude.

## II. THERE ARE SALIENT FACTUAL DIFFERENCES BETWEEN THE PARTIES ACTIONS

Yet DOJ ignores not only the applicable law, but ignores the salient factual differences between the parties' actions, urging this Court to treat the parties similarly when the facts would belie that approach.

Plaintiff submitted seven declarations in support of its Opposition.  Two of those declarations, one by Sheryl Evans Davis, an employee at the Human Rights Commission, and the second by Adrienne Pon, an employee at the Office of Civil Engagement and Immigrant Affairs, *were purely rebuttal*; these declarations were used to refute and oppose arguments made in Defendants' Motion for Summary Judgment, not to support Plaintiff's Motion for Summary Judgment.  In addition, Sheryl Evans Davis was a custodian of records for purposes of document collection and discovery. San Francisco turned over more than 123 documents authored or maintained by Ms. Davis and she was included in the list of custodians at DOJ's request.

The remaining five declarations came from jurisdictions across the country detailing how they were affected by DOJ's Byrne/JAG grant conditions.  These Declarations were responding to the issues raised by the Ninth Circuit in its opinion in *City & County of San Francisco v. Trump*, No. 17-17478, 2018 WL 3637911 (9th Cir. Aug. 1, 2018) issued on August 1, 2018.  The disclosure of these additional jurisdictions was substantially justified.  The Ninth Circuit had not issued its ruling when San Francisco filed its opening summary judgment brief on July 11, 2018.  San Francisco could not have predicted or anticipated the relevance or arguable need for this evidence in advance of the Ninth Circuit's opinion. [2]

## CONCLUSION

The purpose of the Federal Rules of Civil Procedure's disclosure requirements is to "encourage parties to try cases on the merits, not by surprise, and not by ambush."  *Ollier v. Sweetwater Union High Sch. Dist*., 768 F.3d 843, 862 (9th Cir. 2014).

---

[2] San Francisco supplemented its initial disclosures to reflect these additional witnesses before filing its Opposition.

DOJ failed to timely disclose the Declarations of Francisco Madrigal and Marilynn B. Atsatt and failed to show that the error was harmless or that it acted with substantial justification.  Federal Rule of Civil Procedure 37(c)(1) mandates the exclusion of undisclosed evidence absent a showing that the failure to disclose was harmless or substantially justified.  Nothing in DOJ's Opposition satisfies that burden or overcomes that mandate.

Dated: August 16, 2018

                    DENNIS J. HERRERA
                    City Attorney

             By:     */s/ Yvonne R. Meré*
                    YVONNE R. MERÉ
                    Deputy City Attorney

                    Attorneys for Plaintiff
                    CITY AND COUNTY OF SAN FRANCISCO